Jesse **BONVILLAIN**,
Petitioner-Appellant,

v.

Frank **BLACKBURN**, Warden, Louisiana State Penitentiary and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

No. 85–3352
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1986.

John M.T. Mulvehill, Virginia Laughlin Schlueter, Asst. Fed. Public Defenders, New Orleans, La., for petitioner-appellant.

John M. Mamoulides, Dist. Atty., Research & Appeals, William C. Credo, III, Dorothy A. Pendergast, Elizabeth Gaudin, Asst. Dist. Attys., Gretna, La., for respondents-appellees.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Jesse Bonvillain appeals the denial of his habeas corpus petition under 28 U.S.C. § 2254, challenging his Louisiana conviction and sentence for forcible rape. Petitioner, who had been charged with the more serious offense of aggravated rape, pleaded guilty to forcible rape pursuant to a plea bargain, and was sentenced to seventeen years' confinement. At that time he was on parole after serving five years of an earlier Louisiana rape conviction for which he had received a twenty-year sentence that had been commuted to fifteen years.

Petitioner's principal claim is that the plea bargain was for a "total" sentence of twenty years, including the remaining portion of his sentence on the earlier rape, which was to be three years, and that instead the remaining sentence on the earlier offense was indisputably ten years which, when added to the seventeen years on the instant offense, results in a "total" sentence of twenty-seven years, seven more than he bargained for. He also claimed ineffective assistance on the part of his retained counsel in incorrectly advising him that his remaining sentence on the earlier offense would only be three years. The United States Magistrate conducted an extensive evidentiary hearing at which petitioner was represented by capable counsel. The magistrate recommended denial of the petition, finding, *inter alia*, that petitioner's guilty plea was knowing and voluntary, that he did not establish the plea agreement he claimed, and that he was not prejudiced by his counsel's performance. After a *de novo* review of the record, the district judge adopted the magistrate's findings and recommendations and dismissed the writ. We affirm.

### Facts

Jesse Bonvillain pleaded guilty to simple rape in the Terrebonne Parish Judicial District Court on January 8, 1977. He was sentenced to twenty years' imprisonment, which was later commuted to fifteen years. Petitioner served five years of this sentence and was then paroled. While on parole, petitioner was indicted for aggravated rape in Jefferson Parish on January 9, 1981. On November 18, 1981, as the result of a plea bargain, petitioner pleaded guilty to a reduced charge of forcible rape in the Jefferson Parish Judicial District Court.

Before accepting the guilty plea, the judge advised petitioner that he had a right to trial by jury, a right to appeal the jury verdict, a right to cross-examine and confront the State's witnesses, and a right not to testify and that by pleading guilty, the petitioner was waiving these rights. Petitioner indicated that he understood he was waiving those rights. The judge also explained to the petitioner that by his plea of guilty "you admit that ... you committed forcible rape in accordance with Article 42.1 of the Criminal Code" and that he would be sentenced to seventeen years. After Bonvillain acknowledged that he understood this, the following colloquy took place:

"THE COURT: You further understand that as a result of your plea in this case, any further actions in matter 61534 from the Parish of Terrebonne on January 8, 1976 is not to be considered? Do you understand that?

"THE DEFENDANT: No.

"THE COURT: The parole that you were on as a result of that particular case at the time of the commission of this crime is not being considered in connection with this matter. That's a separate matter altogether to be disposed of by the parole board and the authorities. Do you understand that?

"THE DEFENDANT: (Defendant nods his head)

"THE COURT: I'm satisfied that he understands his rights and that he has intelligently waived same."

In accordance with the plea bargain, the judge then sentenced the petitioner to seventeen years at hard labor, the first five without benefit of parole, probation, or suspension of sentence.

Under a Louisiana statute in effect since 1968, if a person on parole is convicted of a felony, then the parole is automatically revoked and the person is under sentence for the portion of his original sentence which was unserved as of the date of his release on parole. La.Rev.Stat.Ann. §§ 15:574.9 and 15:574.10 (West 1981). The sentences are to run consecutively unless the sentencing judge expressly directs otherwise. La. Rev.Stat.Ann. § 15:574.10. The petitioner's parole was revoked, so that his remaining sentence on the original offense was ten years. Petitioner claimed he had understood from his attorney that he had bargained for a twenty-year total sentence, seventeen for the forcible rape conviction and three for the remaining time on the prior rape conviction. Petitioner asserted that he did not understand that he would effectively have a total of twenty-seven years until he was being processed in the state prison system.

### Discussion

*Lack of Knowledge of all the Elements of the Crime*

■ Petitioner alleged in his petition, though it is doubtful he has raised this issue on appeal, that his plea was not voluntary because he was not aware of all of the elements of the crime. The United States Supreme Court has stated that a guilty plea cannot be voluntary unless the defendant has "real notice of the true nature of the charge against him," *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976), quoting *Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). The Supreme Court indicated in *Henderson* that if the record showed that the defense counsel had explained the nature of the offense to the accused, then failure of the trial judge to describe the elements of the offense would not make the plea involuntary. *Henderson, supra,* 96 S.Ct. at 2258. The Court stated that "This case [*Henderson*] is unique because the trial judge found as a fact that the element of intent was not explained to respondent." [1] *Id.* at 2258–59. Although the Court did not reach the point, Justice Stevens noted that the Court assumed that notice of the true nature of an offense did not always require a description of every element of the offense. *Id.* at 2258 n. 18. In *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.1985), we stated that a guilty plea would be upheld as voluntary even if the trial judge failed to explain the offense if the record showed that the defendant understood the charge and its consequences. While the guilty plea hearing transcript shows that petitioner was not expressly informed of the elements of forcible rape in open court *at* the guilty plea hearing, petitioner's attorney stated on the guilty plea form that he had "informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty." The guilty plea form is *prima facie* evidence that petitioner was informed of the elements of forcible rape. There is no evidence to the contrary.

---

1. The defendant in *Henderson* was also different from Bonvillain in that the defendant in *Henderson* was mentally retarded, and there was an argument by defense counsel that although the defendant admitted stabbing the victim, he did not have the required intent for second degree murder.

The petitioner had an opportunity at his evidentiary hearing to offer evidence that he was not informed of all the elements of the crime; however, petitioner failed to offer any proof. Nor did petitioner claim he would have disputed any element. In a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief. *Walker v. Maggio,* 738 F.2d 714, 716–17 (5th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 793, 83 L.Ed.2d 786 (1985); *Hayes v. Maggio,* 699 F.2d 198, 200 (5th Cir.1983). In this case, petitioner has not met his burden of proof.

### Broken Plea Agreement

█ Petitioner's principal claim is that the agreement between the State and the petitioner was that he would be sentenced, in total, to twenty years and instead he received sentences totalling twenty-seven years, seventeen on the forcible rape conviction and ten as the balance of the sentence on the simple rape for which he had been paroled. An unkept plea bargain is a basis for the grant of habeas relief if the petitioner can prove the existence of the allegedly broken plea. *Hayes v. Maggio,* 699 F.2d 198, 203 (5th Cir.1983); *Jones v. Estelle,* 584 F.2d 687, 689 (5th Cir.1978). To prove the existence of the plea bargain, the petitioner must prove: "1) exactly what the terms of the alleged promises were; 2) exactly when, where, and by whom such a promise was made; and 3) the precise identity of an eyewitness to the promise." *Hayes, supra,* at 203, citing *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977).

█ The magistrate found that Bonvillain failed to establish the terms of the alleged promise, when and by whom the promise was made, and the identity of an eyewitness to the promise. The district court adopted the findings of the magistrate. These findings of fact are not to be set aside unless they are clearly erroneous. *Hayes, supra,* at 200. In the case at bar,

the record adequately supports the magistrate's findings.

Bonvillain argues that the testimony of his counsel who negotiated the plea bargain, Ralph Barnett, and his mother, Velma Bonvillain, established an agreed total sentence of twenty years. However, neither Barnett nor Mrs. Bonvillain testified about the specific terms of the plea agreement. Barnett merely *believed* the sentence would add up to a total of twenty years, with three years of that time being imposed for Bonvillain's parole revocation. Barnett testified that the sentencing judge and the district attorney, who allegedly entered into the agreement, also understood the sentence would be twenty years. The twenty years, according to Barnett, would be composed of seventeen years for the present offense and three years remaining on the prior offense. But Barnett never claimed that the prosecutor or judge led him or Bonvillain to believe, *or guaranteed* to either of them, that the prior offense would have only three more years of sentence. Rather, Barnett claims that this was what an unidentified parole officer told him at a bench conference with the judge and the district attorney. Barnett's claim was contradicted by both the judge and the district attorney. Judge Newlin, the sentencing judge, testified that he never took part in plea bargaining negotiations. The former assistant district attorney stated that he would never make an agreement as to what would be received for revocation of parole because he had no authority to do so.[2] No parole officer testified at the hearing. Mrs. Bonvillain said she overheard from her seat in the courtroom the mention of "twenty years," but she was unable to identify the person who made the statement.

Bonvillain testified that Barnett led him to believe he would only be "sentenced" to three years for his parole revocation. Barnett testified that he understood Bonvillain would "serve" an additional three years.

---

**2.** Revocation of parole is automatic after the conviction of a felony and the revocation is for the unserved term, subject to the Parole Board's

consideration for commutation and dimunition due to good time. La.Rev.Stat.Ann. § 15:574.9 and 574.10 (West 1981).

This showing is not sufficient to establish that a plea *bargain* existed. A defendant's "understanding" that he would serve less than his full sentence is not a promise or a plea bargain, and thus is not a basis for a claim that the State has breached its plea bargain. *Self v. Blackburn*, 751 F.2d 789, 792–93 (5th Cir.1985). In *Self*, we held that defense attorney's and prosecutor's statements to defendant indicating that defendant would probably be placed on parole in ten years and six months was not a guarantee by the state such that defendant's ineligibility for parole made the defendant's plea involuntary. *Id.* at 793. We cannot say that the finding that petitioner failed to establish the existence of the plea bargain he asserted is clearly erroneous.

It is apparently undisputed that under the Louisiana statute governing the "good time" allowances applicable to the remainder of Bonvillain's sentence for his first rape offense, Bonvillain will likely actually *serve* no more than three years, after the revocation of his parole, on that sentence. The evidence shows that the district attorney was holding out for a minimum twenty-year sentence for the present offense. Bonvillain testified that he understood his parole would be automatically revoked and that he had ten more years remaining on that sentence. He testified that he told Barnett "I thought I could get ten years" on the revocation, and that Barnett told him "he thought he can get me ten" on the present offense in addition to what he had remaining on his initial sentence. The district attorney apparently refused to accept the idea that the twenty-year sentence he was insisting on could be satisfied by ten years on the old sentence and ten years for the new offense. The district attorney testified that Barnett later convinced him that Bonvillain would *actually serve* at least three more years on his original sentence, so the district attorney was then willing to agree to seventeen years for the *present offense* rather than twenty. This testimony is not inherently unworthy of belief.

There is other evidence in the record to show that the Petitioner knew that the seventeen-year sentence was for the forc-ible rape conviction, and that the parole revocation was a separate, unrelated matter. At the time that Bonvillain tendered his guilty plea, he executed a form styled "DEFENDANT'S ACKNOWLEDGEMENT OF CONSTITUTIONAL RIGHTS AND WAIVER OF RIGHTS ON ENTRY OF A PLEA OF GUILTY" in which his sentence was written by his attorney in longhand: "17 years Dept. of Correction [sic] 1st 5 years w/o benefit of Parole or Suspension of Sentence." Both Barnett and Bonvillain signed the form. This acknowledgment, an official state record, is accorded great weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

During the plea colloquy, the judge informed Bonvillain that "[t]he parole that you were on as a result of that particular case at the time of the commission of this crime is not being considered in connection with this matter. That's a separate matter altogether to be disposed of by the parole board and the authorities." In his habeas testimony, Bonvillain admitted that he understood this. The colloquy further indicates that the alleged plea *bargain* of a twenty-year sentence for *both* the parole revocation and the forcible rape guilty plea is incorrect.

*Ineffective Assistance of Counsel*

Petitioner claims ineffective assistance of his retained counsel, Barnett, an experienced criminal lawyer. This claim is solely based on Barnett's assertedly having misadvised him that the amount of time remaining on his original sentence would be three years, while actually there would be ten years, although petitioner would likely have to *serve* only three of these.

When a defendant is represented by counsel in the plea process and pleads guilty on the advice of his counsel, the voluntariness of the plea depends on whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, —— U.S. ——, ——, 106 S.Ct. 366, 369, 88

L.Ed.2d 203 (1985), quoting *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). In *Hill*, the Court stated that the standard for determining the effectiveness of counsel in a guilty plea proceeding is the two-prong test set forth by the Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill, supra*, ——— U.S. at ———, 106 S.Ct. at 369. The defendant must show that counsel's representation fell below an objective standard of reasonableness, and that "there is a reasonable probability that but for counsel's unprofessional error the result of the proceeding would be different." *Hill, supra*, at ———, 106 S.Ct. at 369, quoting *Strickland, supra*, 104 S.Ct. at 2068.

■ Even if we assume that Barnett misrepresented the contents of the plea bargain, it could reasonably be found that the sentencing judge's instruction that the seventeen-year sentence would be imposed only for the forcible rape charge and that Bonvillain's parole revocation was a separate matter for the correctional authorities cured the misrepresentation and made the error harmless. *Cf. Martin v. Blackburn*, 606 F.2d 92, 94 (5th Cir.1979) (defense counsel's erroneous advice to defendant concerning consequences of guilty plea was cured by sentencing judge's warnings to defendant), *cert. denied*, 446 U.S. 911, 100 S.Ct. 1841, 64 L.Ed.2d 265 (1980).

■ To meet the prejudice prong of the *Strickland* test the defendant may not simply allege but must "affirmatively prove" prejudice. *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir.1984) (citing *Strickland*, 104 S.Ct. at 2067), *cert. denied*, ——— U.S. ———, 105 S.Ct. 3490, 87 L.Ed.2d 624 (1985). The "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill, supra*, ——— U.S. at ———, 106 S.Ct. at 370; *see United States v. Gavilan*, 761 F.2d 226, 286 (5th Cir.1985).

In *Hill, supra*, the Supreme Court set out the methodology for determining if counsel's error prejudiced the defendant. The error prejudiced the defendant if it is likely that but for the error counsel would have recommended that the defendant go to trial. Such a recommendation would depend on the likelihood the evidence would have changed the outcome of the trial. Applying this methodology to the case at bar, it is unlikely that a correct understanding of the effects of parole revocation would have resulted in a decision to go to trial rather than accept the plea bargain.

Petitioner was originally indicted for aggravated rape, which carries a mandatory sentence of life imprisonment without parole, probation, or suspension of sentence. La.Rev.Stat.Ann. § 14:42 (West Supp.1985). The district attorney testified that the State had a strong case against the petitioner but he was willing to reduce the charge to forcible rape because the victim was thirteen years old and he did not want to put her through the trauma of testifying. Bonvillain admitted to having sexual intercourse with the victim in a signed confession, though he indicated, through a patently contrived and unconvincing story, that she in effect solicited the intercourse. Bonvillain presented no evidence even suggesting that the confession would have been inadmissible or any other factors which might have weakened the State's case. When this offense was committed, Bonvillain had only recently been released on parole from a prior rape conviction. Based on this record, it seems unlikely that counsel would have advised petitioner to go to trial on a charge that carried a mandatory life sentence when he had the opportunity to reduce it to a charge with a possible penalty of five to forty years, even though the term would not include the revoked parole sentence.

Significantly, neither Bonvillain nor Barnett, nor any other witness, testified that Bonvillain would not have pleaded guilty, or that Barnett would not have advised him to plead guilty, if they had understood that there would be ten years remaining on the original rape sentence as well as the seventeen years imposed for the present rape. Thus even if the magistrate was required

to credit Bonvillain's testimony that he understood from Barnett that his remaining sentence (as opposed to remaining time to be served) on his original offense would only be three years—a matter we do not reach—it is not established that but for such misadvice Bonvillain either would not have pleaded guilty or would not have received a sentence of at least seventeen years on the present offense. The magistrate's finding that petitioner did not establish prejudice from the performance of his counsel is thus not clearly erroneous. Accordingly, under *Hill* petitioner is not entitled to relief on this basis.

### Conclusion

The magistrate's findings are not clearly erroneous. Petitioner has not conclusively established that there was a plea bargain with terms as he asserts, that he was prejudiced by the performance of his counsel, or any other basis for relief. Accordingly, the judgment below is

AFFIRMED.