LOBRANO, Judge.
Defendant, John Stewart, was charged by bill of information with armed robbery and attempted second degree murder. La. R.S. 14:64; La.R.S. 14:27 and 14:30.1.
On July 24,1986, defendant withdrew his former pleas of not guilty and plead guilty to both counts. On October 3, 1986, prior to sentencing, defendant appeared with new counsel and filed a Motion to Withdraw his Guilty Pleas and a Motion to Quash the Bill of Information. Following a hearing on both motions, the motions were denied. On October 22, 1986, defendant was sentenced to serve twenty (20) years at hard labor on each count to run concurrently with credit for time served and without benefit of parole, probation or suspension of sentence.
FACTS:
On June 8, 1986, at approximately 3:30 a.m., Percy Davis, a Mississippi River Bridge Authority employee, sighted a truck speeding through the bridge toll gate. Davis went in pursuit of the vehicle. A short time later he came upon the vehicle stopped on the side of the curve. The rear axle was broken. Davis observed a man, he later identified as defendant, exit the vehicle. Davis asked defendant if he was the driver of the truck. Defendant denied being the driver and stated he had hitchhiked with the driver who had left the scene. When Davis radioed the New Orleans Police Department to report the accident he was instructed to stay with the vehicle as they suspected it was used in an armed robbery.
Earlier that morning, New Orleans Police Officer, April Overman’s investigation of the armed robbery and attempt murder of Hereld Soto revealed defendant severely beat Soto with a forty-four inch long bed slat, stole his truck and ninety-nine dollars in cash.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1) The trial court erred in accepting pleas to both counts, a move prohibited by the ban on double jeopardy.
2) The trial court erred in denying the Motion to Withdraw the guilty pleas.
ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred in accepting guilty pleas to both *207 counts of the indictment in violation of his constitutional guarantee against double jeopardy. We need not address the issue of double jeopardy as our inspection of Count II of the indictment reveals that it is fatally defective for failing to state a substantive crime.
Court II charges that “JOHN STEWART ... did attempt to commit second degree murder of HERELD SOTO during the commission of an armed robbery ...”.
Second degree murder is defined in La.R. S. 14:30.1 as follows:
“Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or inflict great bodily harm.” (emphasis added)
Thus a charge of second degree murder requires that the state prove that an offender killed a human being when he had a specific intent to kill or inflict great bodily harm or that the offender killed a human being while engaged in the perpetration of certain enumerated felonies, including armed robbery. Subsection (2) is commonly referred to as the “felony murder doctrine” and precludes a showing of specific intent.
La.R.S. 14:27, provides in subsection (A): “Any person who, having specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the crime intended; and it shall be immaterial whether, under the circumstances, he would have accomplished his purpose.” (emphasis added)
Thus, an attempt to commit a crime requires that there be a specific intent to commit that crime. The essential elements are actual specific intent to commit the offense, and an overt act directed toward that end. Gross negligence or constructive intent will not suffice. See, Official Revisions Comment, La.R.S. 14:27.
We conclude that charging the defendant with attempted second degree murder “during the commission of an armed robbery” leads to the absurd result of charging defendant with having the specific intent to commit an unintentional crime. In effect, the state is saying that defendant intended to do an unintentional act. This is an impossibility.
Citing C.Cr.P. Art. 486, the State argues the phrase “during the commission of an armed robbery” should be disregarded as unnecessary or surplusage and thus does not make the information invalid. We disagree.
Surplusage constitutes unnecessary allegations which do not hinder or preclude a defendant’s ability to clearly understand the offense charged or its statutory basis. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986). We do not construe Count II as containing surplusage. The language clearly indicates the State’s intent to charge defendant under Subsection (2) of R.S. 14:30.1. Once the state has chosen one statutory method over the other, it cannot later claim the substantive language which distinguishes the two is mere surplusage, especially where the defendant has already pled guilty. To allow such latitude would hinder a defendant’s ability to understand the nature of the charge against him. A defendant has a constitutional right to be informed of the nature and cause of accusations against him. La. Const. Art. I, Sec. IS.
We therefore, hold that Count II of the bill of information is defective for failing to state a substantive crime, and thus set aside the guilty plea, and quash that count.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in denying his motion to withdraw his guilty pleas. His argument is based on alleged ineffective assistance of counsel in failing to seek a severance of the counts, and failure to recognize that a guilty plea to Count II would have barred prosecution of Count I. Since we have vacated defend *208 ant s guilty plea on Count II, we shall address defendant’s motion to withdraw his guilty plea as to Count I.
A defendant has no absolute right to withdraw a previously entered guilty plea. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981). The discretion to permit a defendant to withdraw a plea of guilty is vested in the trial judge. C.Cr.Pro. Art. 559, State v. Jenkins, supra.
Defendant obtained a new trial attorney subsequent to his guilty plea, but prior to sentencing. On the date set for sentencing, defendant moved to withdraw his previous plea. The trial court conducted a hearing on that motion.
As to Count I defendant testified he thought that he would be eligible for probation or parole, but later learned he was not. He stated that his counsel told him to would probably get 20 years, but he (defendant) concluded that he would probably receive probation. As stated previously, defendant was in fact sentenced to 20 years. However, there is no showing that defendant relied on an actual promise of probation eligibility when he pled guilty. An accused’s mere “understanding” that he will serve a lesser sentence will not invalidate a guilty plea. Smith v. McCotter, 786 F.2d 697 (5th Cir.1986); Self v. Blackburn, 751 F.2d 789 (5th Cir.1985).
This assignment of error is without merit.
For the reasons assigned, defendant’s guilty plea and sentence as to Count II of the information is vacated and set aside. Defendant’s conviction and sentence as to Count I is affirmed.
GUILTY PLEA AND SENTENCE ON COUNT II VACATED.
CONVICTION AND SENTENCE ON COUNT I AFFIRMED.