BYRNES, Judge.
Valerie Manchester appeals the denial of her motion to withdraw her guilty plea, challenging her conviction of manslaughter and attempted first degree murder with the imposition of sentence of twenty-one years and twenty years, respectively, running consecutively, for a total of forty-one years at hard labor. She claims that she pled guilty on the mistaken assurances from her attorney that she would receive a maximum of twenty-one years for the two sentences running concurrently.
Defendant was originally charged with first degree murder of Gregory Kress and found guilty of second degree murder, by jury trial in September, 1975.[1] Valerie Manchester was sentenced to life imprisonment and sent to St. Gabriel, Louisiana Correctional Institution from which she escaped on November 5, 1976 and was not apprehended until over eight years later on January 10, 1985. Meanwhile, in January, 1979, the Louisiana Supreme Court had reversed her conviction and ordered a new trial.[2] During pretrial hearings on motions raised on the issues of prescription and the unavailability of the key witness, Janet Kress,[3] negotiations continued wherein defendant attempted to reach an agreement for an eighteen year sentence; however, the judge indicated that he was inclined toward imposing the maximum sentence of twenty-one years for manslaughter. Upon the day of trial, the State brought an additional bill of information, charging the defendant with the attempted first degree murder of Janet Kress, wife of Gregory Kress. After additional negotiations, the defendant entered guilty pleas to the reduced charge of manslaughter of Gregory Kress and attempted first degree murder of Janet Kress. At that time, the defendant was informed of the constitutional rights she was waiving. She affirmed that she had not been coerced or offered anything for her guilty pleas and she was aware that the maximum penalty could be 41 years (21 years for manslaughter and 20 years for attempted first degree murder). The Court found that the defendant knowingly and voluntarily waived her rights and no objections were made during any part of the Boykinization. When the Court ordered a presentence investigation, the State requested a bench conference and asked to have the pleas vacated. The State maintained that a sentence should be rendered immediately as per the agreement previously made whereby defendant had agreed to a penalty of no less than twenty-one years on the manslaughter charge. The trial judge declined to sentence the defendant at that time, indicating that he did believe he was a party to a plea bargain agreement. Although the defense counsel did not raise an objection at that time, thereafter, the attorney for defense filed a motion to withdraw defendant’s guilty plea.
*1378 Because Judge Leon Cannizzaro was called as a witness, Judge Dennis Waldron presided at defendant’s hearing on the motion on September 1, 1987. The motion transcript shows no evidence that the attorneys discussed running the sentences concurrently with Judge Cannizzaro. The Judge did not acknowledge any plea bargain agreement, specifically one in which defendant would only be given concurrent sentences. In fact, in ordering the presen-tence investigation, the Judge indicated that he did not feel bound to impose concurrent sentences. He told the defendant that she might receive a maximum sentence of forty-one years during the Boykin colloquy.
The testimony of the attorneys reflects that Assistant District Attorney Gerry Dee-gan said he had no objection to running the sentences concurrently in his discussions with defense counsel. Assistant District Attorney Jim Williams did not believe there had been an agreement concerning concurrent sentences. The twenty-year period for attempted first degree murder was investigated and found to be the maximum sentence in 1976. The defense student practitioner stated that both defense attorneys told the defendant she would receive a maximum of twenty-one years. Defense Attorney Calvin Johnson’s testimony indicates that he told the defendant that she would receive a sentence of 21 years regardless of what the Judge told her.
ISSUE
The issue before the Court is whether Valerie Manchester’s guilty pleas were knowingly and voluntarily made. Defendant claims that she justifiably relied on her attorney’s advice that she would receive a maximum of twenty-one years and was denied due process when her sentences did not run concurrently.
In State v. Stewart, 516 So.2d 205, 208 (La.App. 4th Cir.1987) writ denied, 520 So.2d 748 (La.1988), this court held that, “(a) defendant has no absolute right to withdraw a previously entered guilty plea_ The discretion to permit a defendant to withdraw a guilty plea is vested in the trial judge. C.Cr.P. Art. 559, State v. Jenkins, 419 So.2d 463 (La.1982).” That Court also found that, “(a)n accused’s mere ‘understanding’ that he will serve a lesser sentence will not invalidate a guilty plea.”
The defendant was not permitted to withdraw his plea in U.S. v. Griffin, 816 F.2d 1 (D.C.Cir.1987), because there was no evidence that the defendant had been informed by his attorney explicitly that the agreement was binding on the court. The federal court noted that, “a defendant who seeks to withdraw his plea ... must demonstrate that he was advised by his counsel that the judge was a party to the agreement supposedly reached, or at least that the agreement was binding on the judge.” Griffin, 816 F.2d at 6. There is no evidence in Valerie Manchester’s guilty plea colloquy or motion hearing that demonstrates that Judge Cannizzaro was a party to an agreement. To the contrary, Judge Cannizzaro ordered a presentence investigation, showing that he was not bound by an agreement as to the sentence he could impose.
In Bonvillain v. Blackburn, 780 F.2d 1248, 1251 (5th Cir.1986), cert. denied, 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986), the United States Court of Appeal, Fifth Circuit, referred to guidelines necessary for the existence of a plea bargain:
To prove the existence of the plea bargain, the petitioner must prove:
1) exactly what the terms of the alleged promises were,
2) exactly when, where, and to whom such a promise was made, and
3) the precise identity of an eyewitness to the promise.
Bonvillain argued that his mother’s and attorney’s testimony reflected that there had been a plea bargain for a concurrent sentence for a total of 20 years rather than 27. Similarly, in Valerie Manchester’s case, the defense attorneys’ testimony demonstrates that they told defendant she *1379 would receive a maximum of twenty-one years. However, the Bonvillain court made the distinction that although Bonvil-lain believed the sentence would total 20 years, the defense attorney “never claimed that the prosecutor or judge led him or (defendant) to believe, or guaranteed to either or them” what the sentence would be. Bonvillain, 780 F.2d at 1251. The defense attorney’s claim was contradicted by the district attorney, and the judge testified that he never took part in the plea bargaining negotiations. Referring to Self v. Blackburn, 751 F.2d 789, 792-93 (5th Cir.1985), the federal appellate court noted that, “(w)e held that defense attorney’s and prosecutor’s statements to defendant indicating he would probably be placed on parole in ten years and six months was not a guarantee by the state such that defendant’s ineligibility for parole made the plea involuntary.” Bonvillain, Id. at 1252. Although Assistant District Attorney Gerry Deegan stated that he did not object to running the sentences concurrently, he did not assert a guarantee nor did he have the authority to do so without the judge’s agreement. In addition, the Bonvillain court concluded that, “defense counsel’s erroneous advice to defendant was cured by (the) sentencing judge’s warnings to defendant.” Id. at 1253. Furthermore, that Court ruled that defendant must meet a second prong of proof by affirmatively showing prejudice, i.e., that, “defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Id. Valerie Manchester, failed to establish the three parts of the plea bargain criteria or to show that her counsel’s error (in advising her as to the sentence which would be imposed upon her guilty plea) would have resulted in her decision to go to trial.
Defendant was afforded a hearing on her motion to withdraw her guilty plea for which another judge presided and found her plea to be voluntary. Defendant failed to show that a plea bargain had been guaranteed by the original judge who accepted her guilty pleas. The findings of the judge presiding at the motion to withdraw the guilty plea were adopted by the district court. Those findings of fact are not to be set aside unless they are found to be clearly erroneous. The trial court’s findings are not clearly erroneous nor has defendant conclusively demonstrated that there was a plea bargain with the terms she asserts.
For the reasons assigned, defendant’s guilty pleas are upheld and her conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.

. In 1975, the defendant and her boyfriend, Clifford McGraw, were charged with the first degree murder of Greogory Kress (at which time his wife, Janet Kress, was seriously injured). The Pennsylvania couple were in New Orleans on their honeymoon. Having met McGraw and Manchester in the French Quarter, they went home with the defendants to their apartment at 517 Dufossat Street where the murder and injuries took place. After a jury trial, Clifford McGraw was found guilty of R.S. 14:30, first degree murder and sentenced to death, which was later changed to life when the death penalty was ruled to be unconstitutional. State v. McGraw, 366 So.2d 1278 (La.1979).

. Manchester’s conviction was overturned on the ground that confessions which she made to a police officer which were used to impeach her testimony that she had not participated in the crime was improperly admitted without first laying the proper predicate (that she had not been given her Miranda rights so that the jury could weigh the evidence). State v. McGraw, 366 So.2d 1278 (La.1979).

.A Motion to Quash on the ground of prescription was denied, which ruling was upheld by the Louisiana Supreme Court in State v. Manchester, 500 So.2d 401 (La.1987). Further, Janet Kress was declared unavailable to testify on medical grounds and her prior testimony was ruled admissable at the new trial.