F I L E D
United States Court of Appeals
Tenth Circuit

DEC 22 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALFONSO THOMAS, JR.,

      Petitioner-Appellant,

vs.

STEVE HARGETT,

      Respondent-Appellee.

No. 97-6089
(D.C. No. CIV-96-964-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

     Petitioner-appellant, Alfonso Thomas, Jr., appeals from the denial of his habeas petition, 28 U.S.C. 2254, and seeks a certificate of appealability, 28 U.S.C. § 2253(c)(1). He claims ineffective assistance of trial and appellate counsel regarding plea proceedings and a failure to advise him of the elements of the underlying offenses.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

## Background

At the age of 18, Mr. Thomas entered blind pleas in two cases that were consolidated for purposes of pleas and sentencing. Mr. Thomas was 17 years old at the time of the offenses. In CF-89-400, he plead guilty to first degree robbery, receiving a 15-year sentence. In CF-89-5838, he plead guilty to first degree robbery, first degree burglary, unauthorized use of a motor vehicle, and kidnaping for purposes of extortion, receiving 35-, 20-, 5- and 35-year sentences, respectively. The sentences in CF-89-5838 ran concurrently, but consecutively to that in CF-89-400, resulting in an effective sentence of 50 years. The day after sentencing, Mr. Thomas unsuccessfully moved to withdraw his pleas. That denial was later upheld by the Oklahoma Court of Criminal Appeals, which allowed Mr. Thomas to file a certiorari petition out of time.

Mr. Thomas then filed his first federal habeas petition which was dismissed for failure to exhaust state remedies. Thereafter, his state application for post-conviction relief was denied, the Oklahoma Court of Criminal Appeals holding that his pleas were knowing and voluntary, and that his claim of inadequate advice as to the elements of the offenses was barred by res judicata. See I R. doc. 1, attach. (No. PC 95-1428). That court also held that his claims of ineffective assistance of counsel were waived, not having been raised on direct appeal. See id. Mr. Thomas filed this second federal habeas petition on June 17, 1996.

<u>Discussion</u>

The state defended on the sole ground that Mr. Thomas's second petition was barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1). Because the instant petition was filed within one year of the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act, the state's theory lacks merit. <u>See</u> <u>United States v. Simmonds</u>, 111 F.3d 737, 745 (10th Cir. 1997). Moreover, in light of <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1363 (10th Cir. 1994), <u>cert. denied</u>, 515 U.S. 1135 (1995), Mr. Thomas's claims of ineffective assistance of counsel are not procedurally barred and may be considered on the merits, despite a failure to raise them on direct appeal. <u>See</u> <u>Brewer v. Reynolds</u>, 51 F.3d 1519, 1522 (10th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 936 (1996).

The predicate of all Mr. Thomas's claims is that he was promised a ten-year sentence by his attorney if he entered a plea in both cases. Mr. Thomas contends that his mother dismissed the attorney prior to the plea, yet the attorney insisted that he could not be dismissed. We have carefully reviewed the state court transcript and it is completely inconsistent with the version that Mr. Thomas now claims. Moreover, given that the pleas and sentencings in both cases occurred simultaneously, it is noteworthy that Mr. Thomas only challenges the longer sentence in CF-89-5838, and not the sentence in CF-89-400. Both were a product of the same attorney's representation. Although our review of whether a state

court plea is knowing and voluntary is de novo, we defer to the state court's findings unless unreasonable "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983). Mr. Thomas has not come forward with sufficient grounds to undermine the state court's findings and overcome the strong presumption that his statements during the plea hearings were truthful. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Lasiter v. Thomas, 89 F.3d 699, 702-03 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996). The fact that the trial court did not recite the elements of each crime does not render the plea involuntary where (a) counsel had discussed the plea with Mr. Thomas, (b) the plea proceedings contain Mr. Thomas's factual recitations by affidavit of the events giving rise to the charges, and (c) the plea colloquy contains further admissions, thereby indicating that Mr. Thomas understood the charges and their consequences. See Henderson v. Morgan, 426 U.S. 637, 646-47 (1976); Bonvillain v. Blackburn, 780 F.2d 1248, 1250 (5th Cir.), cert. denied, 476 U.S. 1143 (1986).

The claim of ineffective assistance of counsel at the trial level must likewise fail. To prove ineffective assistance of counsel in the context of a guilty plea, Mr. Thomas must show deficient performance by trial counsel that prejudiced him--that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 694 (1984). Our review of the district court's decision on ineffective assistance is de novo. See Nickel v. Hannigan, 97 F.3d 403, 408 (10th Cir. 1996), cert. denied, 117 S. Ct. 1112 (1997).

Mr. Thomas has identified several generic deficiencies with counsel's performance including counsel's alleged (1) conflict of interest because counsel had been terminated, (2) instructions to Mr. Thomas concerning the plea hearing, (3) failure to investigate and present evidence, (4) failure to initiate plea bargain negotiations, (5) failure to prepare for the withdrawal of plea hearing, (6) failure to adequately confer with Mr. Thomas prior to the hearings, and (7) failure to challenge the competency of Mr. Thomas.[1] Given the grounds raised in Mr. Thomas's petition regarding his ineffectiveness claim, see I R. doc. 1, we resolve this case on the prejudice prong, Strickland, 466 U.S. at 687, and nothing in the record suggests that Mr. Thomas would have preferred a trial to the pleas he

---

[1]Grounds not raised below are normally waived. See United States v. Cook, 997 F.2d 1312, 1316 & n.4 (10th Cir. 1993). In his appellate brief, Mr. Thomas asserts that inadequate evidence in the record exists to support a finding of competence. The record establishes that competency was raised at the plea hearing, but because Mr. Thomas had been previously adjudicated competent in another proceeding, no hearing was held. See generally United States v. Williams, 113 F.3d 1155, 1159-60 (10th Cir. 1997); Williamson v. Ward, 110 F.3d 1508, 1514-1521 (10th Cir. 1997); Sena v. New Mexico State Prison, 109 F.3d 652, 654-55 (10th Cir. 1997). We express no opinion on this issue because it is not properly before us.

entered. To the contrary, Mr. Thomas faced very serious charges with potential life sentences. The plea colloquy suggests that he did not want to appear before a jury having previously been adjudicated competent by a jury. The basis of Mr. Thomas's effort to withdraw his plea, the unlikely possibility that a convicted and incarcerated coparticipant would testify that Mr. Thomas was not the ringleader, simply pales in contrast to the overwhelming evidence of guilt given his admissions and the State's proffer concerning his involvement in the crimes.

Mr. Thomas also argues that appellate counsel was ineffective because he failed to pursue issues obvious from the record, namely (1) ineffective assistance of trial counsel, (2) lack of competency to enter a plea, (3) lack of a voluntary and intelligent plea, and (4) multiplicity of the offenses in CF-89-5838 were multiplicitous because under Oklahoma law only a single offense was involved. With respect to appellate counsel, only issue (3) was asserted below, see I R. doc. 1 ("Ground Five"), and thus it is all that we consider. See Radmacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan, 11 F.3d 1567, 1571-72 (10th Cir. 1993); Cook, 997 F.2d at 1316 & n.4. We have rejected the claim that Mr. Thomas's plea was not knowing and voluntary given the federal grounds relied upon in the petition. Thus, Mr. Thomas suffered no prejudice and the claim must be rejected.

Because Mr. Thomas has not made "a substantial showing of the denial

of a constitutional right" given the grounds contained in his petition, we DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge