# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-50211
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ESPINOZA-MONDRAGON,
also known as Jose Espinoza-Portillo,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(DR-94-CR-35-2 & DR-96-CV-74)

---

April 27, 1998

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raul Espinoza-Mondragon ("Espinoza"), a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Espinoza contends that the district court erred in failing to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hold an evidentiary hearing to address his affidavits, which allegedly support his claim that his guilty plea to drug-trafficking offenses was invalid because his attorney performed ineffectively. The affidavits state only that Espinoza does not speak or read English, a fact that the court must have been aware of when it accepted his guilty plea; an interpreter then was present for Espinoza. The affidavits contribute nothing relevant to Espinoza's substantive claim. The transcript of the rearraignment shows that Espinoza voluntarily and knowingly entered his guilty plea.[1] Espinoza's conclusional claims that his attorney's ineffective assistance caused him to enter his guilty plea are devoid of merit.[2]

Espinoza's request for the appointment of counsel for appeal is DENIED.

AFFIRMED.

---

[1] **Bonvillian v. Blackburn**, 780 F.2d 1248 (5th Cir. 1986); **Blackledge v. Allison**, 431 U.S. 63 (1977) (declarations under oath in open court are entitled to strong presumption of veracity).

[2] **Hill v. Lockhart**, 474 U.S. 52 (1985).