IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30140
_____

JAMES R. SMITH,

                                        Petitioner-Appellant,

                        versus

WARDEN ALLEN CORRECTIONAL CENTER,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2393)
_____

March 6, 2000

Before JOLLY and DeMOSS, Circuit Judges, and DOWD,* District Judge.

PER CURIAM:**

    James Smith was initially charged with second degree murder
and later pled guilty to manslaughter.  The court sentenced him to
seventeen years in prison.  The petitioner filed for habeas corpus
relief, arguing that he was never informed of the elements of
manslaughter and did not understand what those elements are, making
his plea constitutionally involuntary.  We deny habeas corpus
relief.

---

    *District Judge of the Northern District of Ohio, sitting by
designation.

**Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith was initially charged with second degree murder in the fall of 1984. On the first day of trial, several witnesses testified that Smith had admitted killing the victim. The first of these testified that Smith had claimed self defense. The policemen testified that they had found the victim's body with the throat cut and the genitals cut off. Photographs of the scene were shown to the jury.

The following day, Smith agreed to plead guilty to the reduced charge of manslaughter. The prosecutors accepted his plea, and he was sentenced to 17 years of hard labor. On direct appeal, Smith raised a single assignment of error, that his sentence was constitutionally excessive. The Third Circuit Court of Appeal rejected this argument and affirmed his conviction and sentence.

On December 21, 1989, Smith filed an application for post-conviction relief, arguing that his guilty plea was not entered knowingly and voluntarily. The trial court denied relief on January 2, 1990, without an evidentiary hearing. Smith then sought review in the Court of Criminal Appeal, which denied his writ, stating only that "[t]here is no error in the trial court's ruling." Smith next filed a writ application with the Louisiana Supreme Court, which was denied in 1996.

On October 2, 1997, Smith filed a § 2254 petition, arguing that his guilty plea was involuntary. The magistrate judge recommended denial and dismissal with prejudice. Smith filed

objections, but the district court adopted the magistrate judge's report and recommendation, denying the petition and dismissing with prejudice.  Smith filed a notice of appeal and the district court granted a COA on the issue of whether Smith's guilty plea was entered knowingly and voluntarily.

## II

### A

We must first determine the proper standard of review to apply in this case.  A prerequisite of the standard of review specified by 28 U.S.C. § 2254(d) for habeas corpus appeals is that the claim was adjudicated "on the merits" in state court.  We determine whether there was such an adjudication by considering:

    (1)  what the state courts have done in similar cases;

    (2)  whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and

    (3)  whether the state courts' opinion suggests reliance upon procedural grounds rather than a determination on the merits.

Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999).

Weighing these three factors leads us to conclude that the Court of Appeal did adjudicate this claim on the merits as opposed to procedurally.  A review of previous Louisiana cases does not reveal any where claims such as Smith's were dismissed based on procedural grounds.  By itself, this proves nothing, except that this factor does not favor either alternative.  With respect to the second factor, there is no suggestion that the court was made aware

3

of any procedural reasons for dismissing Smith's motion because the state did not file any motion whatsoever in the Court of Appeal. See Singleton v. Johnson, 178 F.3d 381, 384 (1999)(Where the state did not raise procedural grounds for denying relief, it suggested that the state court was not aware of any procedural grounds for dismissal.).  Third, the state court opinion, while ambiguous, does suggest that the state court adjudicated the claim on the merits. The Court of Appeal would probably have used language different from "[t]here is no error in the trial court's ruling" had the claim been dismissed procedurally.  Mentioning an absence of error indicates that the court actually looked for error.  Based on these three factors, we conclude that there was an adjudication on the merits.

For this reason, § 2254(d) establishes the standard of review in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Whether Smith had adequate notice of the elements of the offense of manslaughter is a question of fact.  We therefore review

to determine whether it would be unreasonable to conclude that Smith had such notice.

B

The Supreme Court has stated that a guilty plea cannot be voluntary unless the defendant has "real notice of the true nature of the charge against him," which includes notice of the elements of the offense.  Henderson v. Morgan, 426 U.S. 637, 646-47, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).  But that does not mean that there must be an express discussion of the elements on the record:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused.  Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

Id. at 647 (emphasis added).

Cases within our own circuit provide some additional guidance. In Burden v. State of Alabama, 584 F.2d 100, 101-02 (5th Cir. 1978), we held that there was insufficient notice of the elements of the crime.  We based this conclusion on the lack of a discussion of the elements of the offense either in the defendant's "Ireland Form"[1] or the judge's statements to the defendant, and in the absence of any statement by defense counsel on record that he had discussed the elements of the crime with the defendant.  In Hobbs

_____

[1]This is a form informing the defendant of the charges against him and of his rights.

5

v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), on the other hand, we upheld a guilty plea without any discussion of the elements on the record because review of the colloquy with the judge revealed that the defendant understood the general meaning of the charge and the consequences of his guilty plea. Moreover, in Bonvillain v. Blackburn, 780 F.2d 1248, 1250 (5th Cir. 1986), we again upheld a guilty plea without any enumeration of the elements of the offense. Instead, the defendant's counsel had signed a form stating that he had "informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty," which we found sufficient. Id.

In the case before us, defense counsel did not sign anything similar to the one in Bonvillain. The judge never expressly discussed the elements of manslaughter. Instead, our sole indication of what the defendant did know comes from the colloquy with the judge:

> By the Court: Mr. Smith, you are here with your attorneys, Ms. Fournet and Mr. Bracato. Is that correct, sir?
>
> By Mr. Smith: Yes sir, it is.
>
> By the Court: It is the Court's understanding that you have fully discussed this case with both of your attorneys. Is that correct, sir?
>
> By Mr. Smith: Yes sir, I have.
>
> By the Court: Are you satisfied with the advice they have given you?
>
> By Mr. Smith: Yes sir, very satisfied.

By the Court:   All right.  I want to be sure that you understand the . . . . what you are now charged with, sir.  According to the amended Bill of Information or Indictment you are charged with the offense of manslaughter that in or about the 25th day of December, 1982, you committed manslaughter of one Frank Knapp.  Do you understand what you are charged with, sir?

By Mr. Smith:   Yes sir.

By the Court:   Do you understand, sir, that if the Court accepts your guilty plea you could be sentenced by the Court to serve a term of imprisonment for a period not to exceed twenty-one years at the Department of Corrections?

By Mr. Smith:   Yes sir, I understand that.

By the Court:   I want to be sure that you understand the rights you are giving up if I accept your guilty plea.

...

By the Court:   Mr. Smith, the Court is satisfied that with the advice of your attorneys, who are very, very competent, the most competent firm in the City of Alexandria representing you, that you fully understand the nature of the plea that you are making, you fully understand the consequences of the guilty plea, and that the plea is knowingly, intelligently and voluntarily entered, and that there is a factual basis for the plea.  I am going to now advise that I will accept the plea.

From this colloquy, it appears that Smith had excellent legal counsel.  He had two lawyers from what the trial judge considered to be an excellent firm.  Smith also had the opportunity to discuss his case with them.  It would seem reasonable to assume that his

7

lawyers discussed his offense in detail with him before he agreed to plead guilty.

We do will not venture to guess what the result would be if the standard of review and burden of proof in this case were different. But Smith has not carried his burden of proof, nor has he overcome the standard of review. He has not established that it would be unreasonable to presume that his lawyers explained the nature of the offense in sufficient detail to give him notice of what he was being asked to admit. We therefore conclude that habeas corpus relief would be inappropriate.

III

For the reasons stated herein, Smith's motion for habeas corpus relief is

D E N I E D.