# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**No. 99-60631**
**Summary Calendar**

---

**MICHAEL FREDERICK DRANKUS,**

**Plaintiff-Appellant,**

**vs.**

**JAMES V. ANDERSON, SUPERINTENDENT,**
**MISSISSIPPI STATE PENITENTIARY,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**District Court No. 1:96-CV-661-Br-B**

---

July 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Prisoner Michael Frederick Drankus appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Drankus argues that his guilty plea to capital murder, an offense for which, because of the plea, he did not receive the death penalty, was involuntary because he was not advised of the factors set forth in Enmund v. Florida, 458 U.S. 782 (1982), prior to pleading guilty.[1] The Supreme Court of Mississippi affirmed the denial of post-conviction relief on the ground that Drankus's motion was time-barred pursuant to Miss. Code. Ann.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Supreme Court found the imposition of the death penalty to violate the Eighth and Fourteenth Amendments for a defendant who aids in the commission of a felony which results in death when the defendant did not actually kill, attempt to kill, intend that a killing take place, or contemplate that lethal force would be employed during the crime.

1

§ 99-39-5(2),[2] and alternatively, on the merits. The district court adopted in part and modified in part the magistrate judge's report recommending against relief. The district court granted a certificate of appealability solely on the issue of voluntariness of Drankus's guilty plea.[3]

## STANDARD OF REVIEW

AEDPA's deferential habeas standards govern this case. If the state courts have adjudicated the merits of a claim, this court may not grant relief unless the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## DISCUSSION

A federal habeas court will uphold a guilty plea if it was knowing, voluntary, and intelligent. Hobbs v. Blackburn, 752 F.2d 1079, 1081-82. (5th Cir. 1985). Before accepting a guilty plea, a trial court must ascertain that the defendant "has a full understanding of what the plea connotes and of its consequences." Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). A petitioner bears the burden of establishing that his guilty plea was invalid. Bonvillain v. Blackburn, 780 F.2d 1248, 1251 (5th Cir. 1986). A plea is not rendered invalid simply because it was entered to avoid an undesirable alternative, such as, in this case, the death penalty. *See* Brady v. United States, 397 U.S. 742, 755 (1970). At the guilty plea hearing, Drankus told the court that he fully understood the proceeding and that he read and understood the written petition to enter a plea of guilty. Moreover, Drankus's complaint that his plea colloquy did not cover the Enmund factors is wrong on several counts. First, under Mississippi law, which tracks Enmund, Drankus could have been sentenced to death because his acts in participating in the victim's beating and robbery led to murder. Second, the

---

[2]    A motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act must be made within three (3) years after entry of judgment of conviction. However, Drankus filed his initial motion for post-conviction relief with the lower court five hundred (500) days or sixteen (16) months past the three-year period.

[3]    It would have been preferable for the district court to deny a COA on the merits of Drankus's claim because, under Mississippi law, his claim was procedurally barred, the state Supreme Court held it was barred, and the state has consistently relied upon the procedural bar. Nevertheless, we proceed to the merits here "for the sake of caution," though it is also not at all clear that Drankus established cause and prejudice to avoid the procedural bar. Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir. 1999).

plea colloquy effectively explained Drankus's predicament and legal alternatives.[4]  Absent a flaw in the plea colloquy, Drankus's ineffectiveness of counsel argument also fails.

## CONCLUSION

Drankus has cited no Supreme Court authority which requires a court to inform a defendant who pleads guilty to avoid the death penalty of the Enmund factors prior to accepting the guilty plea.  Drankus has also failed to provide evidence that the Mississippi Supreme Court's decision denying his claim of an involuntary guilty plea was "contrary to, or involved an unreasonable application of, clearly established federal law, " § 2254(d)(1).  The judgment of the district court denying Drankus's habeas petition is **AFFIRMED.**

---

[4]  The hour-long colloquy of Drankus's guilty plea indicated that Drankus expressed absolutely no discomfort with his decision to plead guilty, nor did any  hint of misunderstanding exist regarding the nature and consequences of his plea.  The transcript also supports a finding that the lower court correctly advised Drankus regarding the offense of capital murder and his eligibility for the death penalty.  The trial judge never advised Drankus that he had no defenses to the capital murder charge.  Instead, Drankus was informed that "any defenses in law and fact that you might have to this charge , anything that you might mitigate as far as sentence, anything at all is waived by pleading guilty."