United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11077
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO SERGIO DESANTIAGO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-424-1-M
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Sergio Desantiago appeals his guilty-plea convictions and sentences for possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a) and (b) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Desantiago argues that his trial counsel rendered ineffective assistance because he labored under a conflict of interest. He also argues that his guilty plea was involuntarily and unknowingly entered and that his sentence for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the drug-related conviction violated <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

Desantiago has not sufficiently alleged that any conflict of interest labored under by trial counsel adversely effected trial counsel's representation of him. <u>See</u> <u>United States v. Infante</u>, 404 F.3d 376, 390-92 (5th Cir. 2005). Moreover, our review of the record indicates that, even if any conflict of interest did adversely effect trial counsel's representation of Desantiago, Desantiago validly waived his right to conflict-free representation. <u>See</u> <u>United States v. Newell</u>, 315 F.3d 510, 519-20 (5th Cir. 2002).

Our review of the record also indicates that Desantiago's guilty plea was knowingly and voluntarily entered. <u>See</u> <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). The district court explained the nature of the charges to Desantiago and the applicable minimum and maximum punishments that he could receive for the charged offenses. <u>See</u> <u>Bonvillain v. Blackburn</u>, 780 F.2d 1248, 1250-51 (5th Cir. 1986). Moreover, Desantiago confirmed that the factual resume for his plea agreement was true and correct. The fact that trial counsel may not have explained the presentence report to Desantiago did not effect the voluntariness of his plea as the alleged failure to explain the presentence report took place after his plea was entered. Likewise, Desantiago does not explain why his alleged unconstitutional sentence rendered his guilty plea involuntary.

Finally, Desantiago argues that his sentence violated <u>Booker</u> because it was enhanced based upon drug amounts that were neither proven to a jury or admitted by him. The appeal waiver in Desantiago's plea agreement, to which he agreed before the Supreme Court decided <u>Booker</u>, waived his right to appeal his conviction and sentence unless his sentence exceeded the statutory maximum punishment, there was an upward departure from the guidelines range deemed applicable by the district court, there was an arithmetic error at sentencing, or counsel rendered ineffective assistance. Desantiago's challenge to his sentence under <u>Booker</u> was not preserved by the appeal waiver language. <u>See</u> <u>United States v. Cortez</u>, ___ F.3d ___, No. 04-10152, 2005 WL 1404944 (5th Cir. June 16, 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005). Desantiago's convictions and sentences are AFFIRMED.