**John HOBBS, Petitioner-Appellant,**

**v.**

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 83–3302
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1985.

John Musser, IV, New Orleans, La. (Court appt.), for petitioner-appellant.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Upon entry of a guilty plea to second degree murder of his wife, John David Hobbs was given a mandatory life sentence, without benefit of parole, probation or suspension of sentence for 20 years. In due course Hobbs sought federal habeas relief under 28 U.S.C. § 2254 contending that: (1) his guilty plea was not knowing, free and voluntary, (2) no factual predicate for the offense was established, and (3) he was denied effective assistance of counsel who allegedly failed to consider the competency issue, adequately prepare for trial, submit a pre-sentence report and properly advise petitioner of his legal rights and vulnerabilities. The district court denied Hobbs' petition and an appeal was noted. We remanded for a determination whether the appeal was timely taken. After a hearing the district court so found and the matter returns to us for disposition. Finding no error in the procedure followed and

neither error of law nor fact in the district court's ruling on the merits, we affirm.

## I. *Guilty plea*

Hobbs contends that his guilty plea was faultily entered because he was not informed of the elements of the crime of second degree murder, told of the possibilities of a responsive verdict of guilty of manslaughter if he were tried, or informed of the maximum penalty for a conviction of second degree murder.

■ We have consistently held that a guilty plea "must not only be entered voluntarily, but also knowingly and intelligently: the defendant must be aware of the relevant circumstances and the likely consequences." *Diaz v. Martin*, 718 F.2d 1372, 1376 (5th Cir.1983). On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the plea will pass constitutional muster. The plea will be upheld even if the state trial judge fails to explain the elements of the offense, provided it is shown by the record, or the evidence adduced at an evidentiary hearing if one proves necessary, that the defendant understood the charge and its consequences. *Diaz v. Martin; Brown v. Jernigan*, 622 F.2d 914 (5th Cir.1980).

■ The record before us is manifest: Hobbs knew that he was charged with the second degree murder of his wife and that the conviction carried a mandatory sentence of life imprisonment with a 20-year proscription on consideration for suspension, probation or parole. The transcript of the guilty plea proceeding contains the following colloquy:

Q. Through your lawyer, Mr. Robert Zibilich, you're tendering to the Court a plea of guilty to second degree murder, in answer to a bill of indictment which says that on the 14th of August, 1975, within the Parish of Orleans, you committed second degree murder on one Sharon Galloway Hobbs. My question is:

Do you know what you are pleading guilty to?

A. Yes, your Honor.

Q. And are you pleading guilty freely and voluntarily?

A. Yes, your Honor.

\* \* \* \* \* \*

Q. Furthermore, that this offense carries with it a mandatory sentence of imprisonment, without the benefit of probation, parole of suspension of sentence for a period of twenty years. Do you understand that?

A. Yes, sir.

Q. Has your lawyer explained your rights to you?

A. Yes, sir.

Q. Are you satisfied with him as your counsel?

A. Yes, sir.

Q. In general, do you feel like you know what you are doing this morning in pleading guilty?

A. Yes, sir, I do.

The trial judge did not specifically say "life" imprisonment but the transcript refers to a document entitled "Waiver of Constitutional Rights, Plea of Guilty," signed by Hobbs, his counsel and the state trial judge. That document contains the following:

The acts constituting the offense to which I am pleading guilty have been explained to me as well as the fact that for this crime I could possibly receive a sentence of life imprisonment without benefit of probation, parole or suspension for a period of 20 years.

At the evidentiary hearing held on Hobbs' state habeas petition Hobbs' attorney testified that he filled out and read the entire waiver form to Hobbs and that he was satisfied that Hobbs understood the maximum sentence was life imprisonment. Official records, such as this signed document, are entitled to a presumption of regularity and are accorded great evidentiary weight. *Webster v. Estelle*, 505 F.2d 926

(5th Cir.1974); *Banda v. Estelle*, 519 F.2d 1057 (5th Cir.1975).

■ Hobbs complains that he was not informed of the consequences of his plea. On federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment. "As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir.1981). The state court conducted an evidentiary hearing on this issue and concluded that Hobbs was aware of the life sentence and "knew what he was doing." We are directed by statute and Supreme Court precedent to accord a presumption of correctness to such state court factual findings. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The district court properly concluded that Hobbs' guilty plea was validly entered.

■ Hobbs complains that the district court erred by failing to conduct an evidentiary hearing on his petition. This argument is without merit. Hobbs received an evidentiary hearing in the state habeas proceeding on the issue of the validity of his guilty plea. The state court ruled against Hobbs, crediting the testimony of his defense counsel. Hobbs presented no new evidence for the district court's consideration and the district court was not obliged to hold an evidentiary hearing. *Brown v. Jernigan; Banda v. Estelle.*

■ Hobbs further complains that his guilty plea conviction was wrongfully entered because no factual basis for the plea was established. Hobbs errs. The state court is under no constitutionally imposed duty to establish a factual basis for a guilty plea prior to its acceptance unless "the state judge is put on notice that there may be some need for such an inquiry..." *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir.1983). There was nothing in Hobbs' conduct or in anything he said or did in open court which would have alerted the trial judge that the need existed for a factual basis inquiry.

## II.  *Ineffective assistance of counsel*

Hobbs next attacks his conviction claiming that he was denied his sixth amendment right to effective assistance of counsel because his attorney failed to inform him of the possibility of a life sentence and of the elements of the crime charged, and failed to explain the lesser included offense of manslaughter. Before the district court, Hobbs complained that his attorney did not conduct a pre-sentence investigation, filed no pre-sentence report, did not meet with him before or after trial and never explored with him the possibility of using a provocation defense.

■ The standard of performance required of counsel under the sixth amendment is "simply reasonableness under prevailing professional norms." *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). An error, even if found to be unreasonable, does not require that the result of a criminal proceeding be annulled if the error had no effect on the outcome of the proceeding. *Strickland.* Therefore, one alleging ineffective assistance of counsel must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The ultimate focus of the inquiry must be on the fundamental fairness of the challenged proceeding.

Hobbs' attorney testified at the state evidentiary hearing that he advised Hobbs of the nature of the crime charged, the consequences of the guilty plea and the mandatory life sentence. Counsel also testified that he discussed and explained the waiver form to Hobbs, the document in which Hobbs specifically acknowledged that these

matters had been explained to him. Defense counsel also stated that Hobbs wanted to plead guilty.

When a defendant wishes to plead guilty, defense counsel must determine that the plea is entered voluntarily and knowingly. *Rogers v. Maggio*, 714 F.2d 35 (5th Cir.1983); *Hill v. Estelle*, 653 F.2d 202 (5th Cir.1981); *Grantling v. Balkcom*, 632 F.2d 1261 (5th Cir.1980). Counsel must be familiar with the relevant facts and law so that the client can be advised of the options available. This duty includes the investigation and explanation of potential defenses so that the client may make an informed decision. *Rogers v. Maggio; Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974).

The record before us contains sufficient evidence to support the findings and conclusions by the state habeas court and our district court that Hobbs was adequately informed by his attorney about the nature of the offense and the consequences of a guilty plea. The state court was entitled to accept and credit the testimony of defense counsel despite contrary testimony by Hobbs. We cannot reach that same conclusion about the allegations that counsel failed to explore potential defenses and to adequately prepare for trial. However, these matters have not been cited as error on appeal and have not been briefed. In accordance with a long-standing rule in this circuit, these issues are deemed abandoned. *Lucas v. Wainwright*, 604 F.2d 373 (5th Cir.1979); *Gorham v. Wainwright*, 588 F.2d 178 (5th Cir.1979); *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir.1978) (en banc); *Gardner v. Blackburn*, 569 F.2d 856 (5th Cir.1978). Further, Hobbs did not complain in the district court that counsel failed to advise him of the lesser included offense. In habeas proceedings we will not consider on appeal issues not raised in the district court. *See United States v. Scott*, 672 F.2d 454 (5th Cir.1982).

AFFIRMED.