IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50368
Summary Calendar
_____

ROMERO GRANDO TREVINO, JR.,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO 94-CA-099
- - - - - - - - - -
December 5, 1995

Before HIGGINBOTHAM, DUHE' and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The motion of Romero Granado Trevino, Jr., to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. <u>Carson v. Polley</u>, 689 F.2d 562, 586 (5th Cir. 1982). Trevino's motion for a certificate of probable cause (CPC) to appeal the denial of his petition filed pursuant to 28 U.S.C. § 2254 is also GRANTED. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Trevino argues that he received ineffective assistance of counsel because his court-appointed counsel coerced him into pleading guilty.  A valid guilty plea waives all nonjurisdictional defects including an ineffective-assistance-of-counsel claim, unless the ineffective-assistance claim affects the voluntariness of the plea.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984).  Trevino challenges the validity of his plea to the extent that he argues that the trial court failed to admonish him of the full range of punishment he faced.  Trevino contends that the trial court, in failing to "admonish" him, violated Article 26.13 of the Texas Code of Criminal Procedure.

Trevino raised this argument for the first time in the district court in his response to the respondent's motion for summary judgment.  Neither the respondent nor the district court addressed this issue.  The district court should have construed Trevino's response as a motion to amend his petition and granted it.  See Sherman v. Hallbauer, 455 F.2d 1236, 1242 (5th Cir. 1972) (memo opposing summary judgment raised a new issue and should have been treated as a motion to amend and granted).

Trevino raised the issue after the respondent conceded exhaustion of state remedies.  In his state-court application for habeas relief, Trevino argued that the trial judge "[k]new before he excepted [sic] this petitioner['s] `guilty plea' that [his] attorney had not `admonished' [him] of his plea, nor the Governing Laws of the Case of Burglary, nor . . . [his] Fifth Amendment rights to self-incrimination. . . ."  In support of

his argument, Trevino cited, among other authorities, Texas Code of Criminal Procedure 26.13. Article 26.13(a)(1) provides: "Prior to accepting a plea of guilty . . ., the court shall admonish the defendant of . . . the range of the punishment attached to the offense."

The trial court denied the application. The Texas Court of Criminal Appeals denied the application without written order. The record reflects, therefore, that Trevino exhausted his state-court remedies as to this claim. See Picard v. Connor, 404 U.S. 270, 275 (1971); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1983) (exhaustion requirement is satisfied when the substance of a federal habeas corpus claim has been fairly presented to the highest state court).

Neither the district court nor the respondent addressed Trevino's challenge to his guilty plea. A guilty plea involves the waiver of several constitutional rights, and, accordingly, it must be made knowingly and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). A federal habeas court will uphold a guilty plea if it was knowing, voluntary, and intelligent. Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir.) (§ 2254 case), cert. denied, 474 U.S. 838 (1985). Before accepting a guilty plea, a trial court must ascertain that the defendant "has a full understanding of what the plea connotes and of its consequence." Boykin, 395 U.S. at 243-44. The defendant must be informed of the maximum sentence he may receive. Hobbs, 752 F.2d at 1082.

Counsel's affidavit does not indicate that he discussed the range of punishment for Trevino's offense. Further, the record

does not contain a transcript of a plea colloquy and thus, presents no basis to presume that Trevino knew the full range of punishment for the offense before pleading guilty. Because the record is inadequate to determine whether defense counsel[**] or the court informed Trevino of the full range of punishment, the case is REMANDED for an evidentiary hearing. See Rogers v. Maggio, 714 F.2d 35, 39 (5th Cir. 1983).

---

[**] The trial court's failure to meet Boykin's requirements does not render the plea involuntary if the evidence adduced at an evidentiary hearing shows that the defendant understood the charge and its consequences, or if the record indicates that defense counsel explained the nature of the offense to the defendant or that the defendant otherwise understood the charge. Hobbs, 752 F.2d at 1080.