IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60560
Conference Calendar
_____


JOHNNY HARPER,

                                    Plaintiff-Appellant,

versus

RICHARD MARTIN; JIM MORRIS,
STAFF ATTORNEY,

                                    Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CV-199-PS
- - - - - - - - - -
December 19, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]


    Appellant Johnny Harper appeals from the district court's

sua sponte dismissal of his civil rights complaint under 42

U.S.C. § 1983, as frivolous.

    On appeal, Harper does not challenge the district court's

determination that the defendants were not involved in the

dismissal of his state circuit court complaint.  Issues not

---

    [*]    Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

raised on appeal are abandoned.  Hobbs v. Blackburn, 752 F.2d 1079, 1083 (5th Cir.), cert. denied, 474 U.S. 838 (1985).

Harper argues on appeal that the court should have allowed him to substitute the state circuit court judge as the proper defendant.  Neither the district court nor this court has authority to review a final order of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-87 (1983).  Because the complaint, if amended, remains subject to dismissal, the district court did not abuse its discretion in sua sponte dismissing Harper's complaint without first allowing him to amend his complaint.  Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981).  Accordingly, Harper's appeal is dismissed as frivolous. See 5th Cir. R. 42.2.

We caution Harper that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Harper is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED.