IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20493
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON VIDES CASTILLO,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-92-CR-255-1
- - - - - - - - - -
April 12, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Wilson Vides Castillo appeals the denial of his motion for relief pursuant to 28 U.S.C. § 2255. Castillo argues that the evidence was insufficient to support his conviction because he could not be convicted of conspiring with government informant agents, an uncorroborated informant's tip was inadmissible hearsay and insufficient to support his conviction, and there was no evidence that he knowingly conspired with his codefendant, Hector Rocero. He also argues that the search of Rocero's car was illegal because the officer's lacked probable cause, the search followed a pretextual stop, and Castillo lacked standing

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to consent to the search of Rocero's home. Castillo contends that trial counsel was ineffective for failing to object that Castillo could not be convicted for conspiring with a government informant agent, that Rocero's incriminating, inconsistent, perjurious hearsay statements were inadmissible, that the search was illegal. Castillo also argues his sentence should be remanded because he disputed the hearsay statements of government informant agents, thus there was no evidence in the presentence report (PSR) of Castillo's guilt, and the district court failed to make findings regarding the disputed facts as required by Fed. R. Cr. P. 32(c)(3)(D). However, this argument merely challenges the sufficiency of the evidence to support his conviction.

Castillo's argument that the search was illegal raises a constitutional issue. Although the district court did not address the issue, the Government pleaded the procedural bar, and Castillo has not shown cause for failing to raise this issue on direct appeal or prejudice. Thus, we refuse to review it. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992).

We affirm the other issues for essentially the reasons relied upon by the district court. Castillo does not argue the application of the sentencing guidelines issues raised in the district court; those issues are abandoned. Hobbs v. Blackburn, 752 F.2d 1079, 1083 (5th Cir.), cert. denied, 474 U.S. 838 (1985).

AFFIRMED.