Jerry RICHARDSON

v.

James M. LEBLANC.

No. Civ.A. 00–0730.

United States District Court,
E.D. Louisiana.

April 9, 2001.

Jerry Richardson, Dixon Correctional Institute, Jackson, LA, pro se.

Nicole Brasseaux Barron, Orleans Parish District Attorney's Office, New Orleans, LA, for defendant.

## MEMORANDUM OPINION AND ORDER

CHARLES SCHWARTZ, JR., District Judge.

This matter is before the Court on petitioner's application for habeas corpus relief filed pursuant 28 U.S.C. § 2254. Having reviewed the complete record of this matter *de novo*, including Jerry Richardson's ("Richardson's") pro se Petition/Memorandum in Support, the State's Response to

Petition under 28 U.S.C. § 2254, the Magistrate Judge's October 17, 2000 Report and Recommendation, Petitioner' Motion in Opposition to the Report and Recommendation, the entirety of the state record, and the applicable law, the Court has determined that the Richardson § 2254 petition should be denied and his claims should be dismissed with prejudice.

The Court adopts Magistrate Judge Sally Shushan's October 17, 2000 Report [Fed.Rec.Doc. No. 9] as part of its opinion in this matter and specifically addresses the issues/re-arguments by the petitioner raised in his "Motion in Opposition to the Report" herein below.

## I. EVIDENTIARY HEARING

■ This Court has determined, as did the Magistrate Judge, that this matter can be disposed of without an evidentiary hearing for the reason that the petitioner has failed to make the requisite showing which would permit the district court to conduct any such hearing. 28 U.S.C. § 2254(e)(2) narrowly prescribes a federal habeas court's authority to conduct an evidentiary hearing.

■ An evidentiary hearing *may* be indicated only when: (1) the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law not previously available (§ 2254(e)(2)(A)(i)); or (2) the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (§ 2254(e)(2)(A)(ii)); *and*, (3) the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (§ 2254(e)(2)(B)).

■ However, even if the narrow restrictions of the statutory provisions governing evidentiary hearings in a habeas case are overcome, that would not guarantee petitioner an evidentiary hearing. Instead, it merely opens the door. The district court retains the discretion over the decision to grant an evidentiary hearing, and the denial of an evidentiary hearing is reviewed under the abuse of discretion standard. *See Murphy v. Johnson*, 205 F.3d 809, 815 (5 th Cir.2000).

■ To find abuse of discretion, a reviewing court must: (1) find that the State did not afford petitioner a full and fair hearing; and (2) be convinced that if the allegations were proven true, petitioner would be entitled to relief. A full and fair hearing does not require live testimony and a paper hearing will suffice to afford such a hearing on factual issues underlying a petitioner's claims. *Murphy v. Johnson*, 205 F.3d at 815–16. Petitioner's claims in the instant case are not derived from any new rule of law from the Supreme Court and Richardson has made no showing that *previously undiscoverable* facts establish his innocence of the subject armed robbery crimes.

■ Where as here, a district court has before it sufficient facts to make an informed decision regarding the merits of a claim, there is no abuse of its discretion in refusing to grant an evidentiary hearing. Such pertains even in a case where no factual findings were explicitly made by any state court. *Id.*, at 815 (*citing McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir.1998).)

## II. SUFFICIENCY OF THE EVIDENCE.

Petitioner submits that the question before this Court is "whether or not a robbery actually took place." [1] That was in

---

1. *See* Petitioner's Motion in Opposition to Report and Recommendation, at unnumbered page 1 [Fed.Rec.Doc. No. 10].

fact an issue for the state court jury to determine at petitioner's November 21, 1995 armed robbery trial. It was then resolved against the petitioner based on the evidence presented at trial and the applicable law, when the jury returned guilty verdict as to the one count of first degree robbery in violation of L.R.S. 14:64.1.

Federal habeas review of the state conviction in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), since the petition was filed after April 24, 1996. 28 U.S.C. § 2254. This Court may not try the issues in petitioner's state criminal case *de novo*, reweigh the evidence, or substitute its own judgment for that of the trier of fact. The Court must, however, scrutinize the record in its entirety, and upon review of the facts in the light most favorable to the prosecution, determine whether a rational jury could have found beyond a reasonable doubt that the petitioner was guilty of first degree robbery in this case. Such is the duty of this federal habeas court on a claim of insufficiency of the evidence, whether the petitioner is *pro se* or is represented by counsel.

Moreover, "a federal habeas court faced with a record of historical facts that support conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." [2] This is such a record.

This Court is not permitted to substitute its judgment on the question of credibility of witnesses.[3] All credibility choices must be resolved in favor of the jury's verdict.[4] The facts that three defense alibi witnesses' testimony conflicted with the testimony of the one State eyewitness, [5] and that the jury credited the testimony of the State's witness over defendant's three alibi witnesses, is not properly grist for the habeas court.

The United States Fifth Circuit Court of Appeals addressed the AEDPA's standard of review for issuing habeas relief in state court cases in *Knox v. Johnson,* 224 F.3d 470, 475 (5th Cir.2000), as follows:

> Under the AEDPA, we may not issue a writ of habeas corpus with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court's highest adjudication of the claim resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . .; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As the Supreme Court has recently explained, a decision is contrary to clearly

2. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2793, 61 L.Ed.2d 560 (1979) (holding that such is the standard which is necessary to preserve the due process protection recognized in *Winship* ).

3. *See Marler v. Blackburn,* 777 F.2d 1007, 1011 (5th Cir.1985).

4. *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir.1994).

5. The Court here observes that the State's witness who placed petitioner at the scene of crime was the victim, Emma Higgins, was working in the Crowder Video Store as relief help. Also, prior to the robbery of the midnight shift at about 3:00 a.m. on May 28, 1994, Ms. Higgins had seen the defendant on several occasions before. Ms. Higgins relieved a co-worker Ms. Price on several occasions prior thereto. The defendant Richardson was Ms. Price's boyfriend. Emma Higgins had seen him picking up Price from work. Ms. Higgins identified Richardson from a photographic lineup, and identified him at trial as the perpetrator.

established Federal law "if the state court arrives at a conclusion opposite to that reached [by the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We may issue a writ based on the State Court's unreasonable application of Federal law only "if the state court identifies the correct governing legal principal ... but unreasonably applies that principle to the facts of the prisoner's case." *Id.* We presume state court factual findings to be correct and will defer to these findings "unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.2000) (quoting 28 U.S.C. § 2254(d)(2)).

Petitioner has not advanced any compelling argument why his case falls outside of the standard established in *Jackson v. Virginia*.[6] To the extent that petitioner suggests that there is some affirmative duty on the part of the prosecution to rule out every hypothesis except that of guilt beyond a reasonable doubt,[7] that theory was specifically rejected by the Supreme Court in *Jackson v. Virginia*.[8]

As previously mentioned, when conducting a sufficiency of the evidence review, court's generally adhere to the *Jackson* standard (*i.e.*, a claim for insufficient evidence does not lie if, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt).

The Louisiana Fourth Circuit applied the *Jackson* reasonable doubt standard in denying Richardson's insufficiency of the evidence claim in *State v. Richardson*, 737 So.2d 977 (Table) (La. App. 4th Cir.1999), *writ denied*, 747 So.2d 1095 (La.1999) [State Supp.Rec. Vol. I of I]. Since the state court has adjudicated petitioner's insufficiency of the evidence claim,[9] on the merits,[10] this Court is only

---

**6.** 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**7.** In this vein, petitioner argues: "[T]he prosecution could have put a lid on this case. If the state had subpoenaed the phone records which could have verified whether or not the defendant made a phone call [as Ms. Higgins allegedly testified], since a business phone is charged for each call. The reviewing court must be concerned with why this was not done. The answer is obvious, there was no call made by the defendant and there was no robbery." Petitioner's Motion in Opposition at unnumbered p. 2 [Fed.Rec.Doc. No. 9]. This Court observes that it was Ms. Higgins' trial testimony that she observed the defendant call someone but that she did not know who he had spoken to on the phone or the establishment that he called the night of the robbery. *See* Transcript of November 21, 1995 Trial, at p. 29 [State Rec. Supp. Vol. I of I].

Considering the actual trial testimony of Ms. Higgins, any phone records which could have been subpoenaed on the basis of such testimony would have been of no help in exonerating the defendant. The record clearly reveals that Ms. Higgins did not have first hand personal knowledge of who the defendant had telephoned and what establishment was called, and so testified.

**8.** *See Jackson v. Virginia*, 99 S.Ct. at 2792–93, 99 S.Ct. 2781 (declining to adopt such a theory and *citing Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150, before it, which had previously rejected same).

**9.** A claim of insufficiency of the evidence is a mixed question of fact and law.

**10.** *See Trevino v. Johnson*, 168 F.3d 173, 181 (5th Cir.1999) (When a state court adjudicate's a claim on the merits rather than on procedural grounds, a federal habeas court must give deference to the Court of Appeals findings of fact under the AEDPA).

concerned with whether the state courts identified the correct legal principle and reasonably applied it to the facts of the petitioner's case. This Court defers to the Louisiana Fourth Circuit Court of Appeals findings of fact, and they are, in any event, amply supported by the record.[11]

This Court has thoroughly reviewed the trial transcript and is cognizant of the U.S. Supreme Court's mandate that the federal habeas court presume the state court factual findings to be correct and defer to these state findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

 Considering that this Court finds both that the facts articulated in the Louisiana Fourth Circuit's opinion support the jury's determination that the petitioner was guilty of first degree robbery, and that state appellate court's application of the *Jackson v. Virginia* standard was reasonable,[12] petitioner's request for habeas relief on the issue of sufficiency of evidence should be and is denied.

## III. INEFFECTIVE ASSISTANCE

 Petitioner submits that there is no way he could have had a fair trial considering his counsel's failure to subpoena the telephone records of the lounge that Ms. Higgins testified that he called and his failure to interview the person Ms. Higgins testified that he called that night from the video store. Petitioner argues that the

phone records would have been concrete proof that he was not the perpetrator.

As previously mentioned, the victim, Ms. Higgins, testified at trial that the defendant made a phone call from the store but she did not know whom the defendant called and further did not know what telephone number/establishment he dialed.

Essentially, Richardson argues that defense counsel should have spent precious pretrial resources, not the least of which was time, unearthing evidence which: (1) would have been inadmissible in evidence without a proper foundation/predicate; and (2) could serve no useful purpose in suggesting a defense on the charge of first degree robbery. The fact of the matter is that the perpetrator of the robbery could have been on the phone with anyone, anywhere, and then again, perhaps no one at all (*i.e.,* just pretend conversation). Ms. Higgins, the victim, not being a party to the telephone conversation, simply would not know and did not know one way or the other.

The Court now addresses petitioner's Motion to Oppose re-argument that counsel's failure to object at his multiple offender hearing on the basis that he was allegedly not properly boykinized in connection with the predicate 1978 armed robbery conviction constitutes ineffective assistance. The Court agrees with the Louisiana Fourth Circuit, ineffective assistance within the meaning of *Strickland* is absent.

---

**11.** The AEDPA prohibits the grant of relief unless the state court's factual determination is plainly unreasonable in light of the evidence submitted to the state habeas court. *See* 28 U.S.C. § 2254(d)(2); *Moore v. Johnson,* 194, F.3d 586, 603 (5th Cir.1999).

**12.** Under the AEDPA, a state court's legal conclusion may not be disturbed absent a showing that the state court conclusion is

contrary to, or involved an unreasonable application of clearly established law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). "An application of federal law is unreasonable only when 'reasonable jurists considering the question would be of one view that the state court ruling was incorrect.' " *Moore v. Johnson,* 194 F.3d at 603 (*citing Trevino v. Johnson,* 168 F.3d at 181).

On Richardson's appeal, the Louisiana Fourth Circuit determined that in the context of the multiple offender proceeding, the state had proved petitioner was advised of his constitutional rights and represented by counsel at the time of his predicate plea (i.e., the 1978 armed robbery conviction).[13] The state appellate court specifically rejected the argument of ineffective assistance.[14]

■■■■ Before accepting a plea of guilty, the trial court must ensure that the defendant fully understands the plea and its consequences.[15] For federal habeas purposes, a defendant understands the consequences of his plea if he understands the maximum sentence he may receive.[16]

■■■ Richardson's claim of ineffective assistance, is a backdoor attack on the validity of his plea to the predicate offense. The petitioner would have the burden of proof on the ground that his 1978 plea was involuntary.[17] The minute entry dated February 10, 1978 in case number 262–970 entered in connection with his plea to the predicate robbery offense (*i.e.*, a violation of L.R.S. 14:64), indicated that in the presence of his counsel, the defendant withdrew his former plea of not guilty, that he waived his constitutional rights, **"which the court explained to the defendant in detail,"** and that "the defendant executed a written waiver of rights **acknowledging that he had been fully advised of his rights,"** and "after being so advised, maintained his plea of Guilty." [18]

As previously indicated, Richardson also executed a "Waiver of Constitutional Rights/Plea of Guilty" form [19] indicating in writing, initialing each paragraph 1 through 6 that: (1) he was informed of and understood crime of armed robbery with which he was charged; (2) it was his intention to plead guilty to the crime of armed robbery; (3) the acts constituting the offense had been explained to him, as well as the fact of the maximum possible sentence which was not less than five nor more than ninety-nine years at hard labor without the benefit of parole, probation, or suspension of sentence; (4) that by entering his plea of guilty he was waiving his right to trial, right to appeal, right to confront/cross-examine witnesses, right to compulsory process to call witnesses, his privilege

---

**13.** *State v. Richardson*, 737 So.2d 977 (Table) (La.App. 4th Cir.1999), *writ denied*, 747 So.2d 1095 (La.1999) [State Supp.Rec. Vol. I of I].

**14.** *See id.*, at pp. 631–32 of the opinion. The Louisiana Fourth Circuit ruled as follows:
Defendant's argument is not supported by the record. The waiver of constitutional rights form executed by the defendant in the predicate offense indicated that the trial court advised defendant **of all his rights,** [that would be] including his right to a jury trial. The defendant has not produced any evidence to rebut the state's evidence that he was properly boykinized in the predicate offense. As defendant has not met his burden of proving that his trial counsel was deficient in his representation of the defendant, this assignment of error is without merit. *Id.* (emphasis added).

**15.** *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 1712 (1969). As a matter of due pro-

cess, a plea of guilty must be a voluntary, knowing, and intelligent act. 89 S.Ct. at 1711.

**16.** *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir.1985), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

**17.** *United States v. Smith*, 844 F.2d 203, 208 (5th Cir.1988).

**18.** *See* Minutes of the Court in Case No. 262–970 (Appendix "C" to the Louisiana Fourth Circuit's Decision affirming Richardson's conviction on the multiple offender bill) [State Supp.Rec. Vol. I of I].

**19.** *See* Waiver of Constitutional Rights form in Case No. 262–970 (Appendix "D" to the Louisiana Fourth Circuit's Decision affirming Richardson's conviction) [State Supp.Rec. Vol. I of I].

against self-incrimination and that he was in fact incriminating himself; (5) that he was not forced, threatened or intimidated, and his plea of guilty was pursuant to his own free will and no promises were made by anyone; and (6) that he understood he had a right to have competent counsel represent him at trial, and that if indigent, competent trial counsel would be appointed to represent him, for trial and on appeal if convicted, and that he was fully satisfied with the handling of his case by defense counsel and defense counsel's representation of him.[20]

Richardson did not dispute that he pled guilty to the predicate offense. He did not dispute that he did so knowingly, willingly, and with full knowledge of the consequences of plea, including that he was waiving his constitutional rights. Richardson did testify at the multiple offender proceedings regarding his plea to the predicate offense. His most apparent strategy in doing so was an effort to get the sentencing court well-off the 80–year mark (*i.e.*, the maximum sentence as a multiple offender).

Richardson's tack was an effort to convince the sentencing court that his recent jury conviction for armed robbery was no robbery at all, and in no event, were there any aggravating circumstances. He argued that the current (i.e., the second) armed robbery conviction was instead, a lover's quarrel, and no weapons were involved. To bolster the notion that the recent armed robbery conviction was a was far less serious offense than billed/multiple billed, Richardson went on to state essentially that, when he is guilty he admits it, as in the case of his prior armed robbery conviction in 1978.

In that vein, Richardson's testimony to the sentencing court at his multiple bill hearing regarding his predicate 1978 armed robbery conviction follows:

> I would also like to point out to you that over eighteen years ago I was charged with armed robbery. I committed that crime and I pled guilty to that crime because I committed it and I knew I was wrong so I admitted that crime. I didn't do this [one]. . . . [21]

The defense strategy at sentencing not only worked, it worked well. The state sentencing court rendered a sentence of substantially less than eighty years with the quoted prefacing remarks, to wit.

> The Court would note for the record that the Court on this conviction could give you up to *eighty years* in jail, but **because the Court doesn't believe this is the worst robbery that it has ever seen,** *the Court is going to give you substantially less than that.*

> For the reasons stated, it is going to be the sentence of this Court that he serve Thirty (30) Years. . . . [22]

The transcript of the predicate offense 1978 plea, about 22 years in the distant past, is unsurprisingly not available. However, the written evidence before the Court (*i.e.*, the minute entry and the constitutional waiver form), indicates, as the Louisiana Fourth Circuit observed, that in the predicate plea proceeding Richardson was fully advised by the court of his *Boykin* rights and waived such rights.

---

20. *See* Waiver of Constitutional Rights form in Case No. 262–970 (Appendix "D" to the Louisiana Fourth Circuit's Decision affirming Richardson's conviction) [State Supp.Rec. Vol. I of I].

21. *See* Transcript of the December 1, 1995 Multiple Offender Proceeding, at p. 4 [State Supp.Rec. Vol. I of I].

22. *See* Transcript of the December 1, 1995 Multiple Offender Proceeding, at p. 4 [State Supp.Rec. Vol. I of I].

635

No doubt, the landmark precedent in *Boykin, supra,* establishes a due process requirement that the record must affirmatively disclose that a guilty plea was entered intelligently and voluntarily. The execution of the guilty plea form, such as that executed by Richardson for his 1978 plea, "carries a strong presumption of verity." *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). On any attempt to attack such a conviction Richardson would have had an uphill battle—i.e., the burden of proving that if he had known that he had a right to trial by jury, he would not have pleaded guilty and would have insisted upon going to trial. *United States v. Gavilan,* 761 F.2d 226, 229 (5th Cir.1985).

Richardson makes no such claim and any such assertion would be disingenuous at best, in light of his testimony at the multiple bill hearing. The waiver of rights form executed by petitioner constitutes an official state record and shows that Richardson admitted that he understood the charge and the consequences of his plea. Although the word "jury" is typed nowhere on the form, Richardson did initial the sentence which stated that he understood his *right to trial,* and the sentence that read by *entering a plea of guilty* in this case he was *waiving his right to trial.* Also, the minute entry memorializing the predicate offense plea notes that the defendant waived his constitutional rights, **which the Court explained to the defendant in detail**.

The Fifth Circuit has held repeatedly that a specific express articulation and waiver of the three rights mentioned in *Boykin* is *not* mandated, but it is necessary to show that the plea was voluntarily and intelligently given. *See Neyland v. Blackburn,* 785 F.2d 1283, 1287 (5th Cir.1986) (where it appears the accused was generally advised of his rights, the failure to make express, specific reference to a jury trial, as opposed to simply trial, does not invalidate a conventional plea). So, even in its guilty plea context, *Boykin* requires only "an affirmative showing" on the record and does not require the that the judge explicitly inform the defendant of the three rights (*i.e.,* to jury trial, to confrontation and against compulsory self-incrimination) before accepting a plea. *See Neyland, supra.*

Richardson's argument that his counsel at the multiple offender hearing was constitutionally ineffective for allowing him to plead on the record of the predicate offense instead of objecting to its use is without merit. The Louisiana Fourth Circuit correctly held that the two-part *Strickland* test of deficient performance and prejudice governs the petitioner's ineffective assistance claims, and applied it under the particular facts of this case. The record demonstrates that the appellate court's finding that counsel adequately assisted Richardson is not unreasonable.

Since the alleged deficiency at the prior guilty plea did not amount to a violation of constitutional magnitude, any failure of counsel to expound on it at the multiple bill hearing cannot amount to constitutionally ineffective assistance. In any event, it would have spoiled any strategy utilized to whittle down what could have possibly been an eighty year sentence to thirty years.

In summary, petitioner has failed to show that the Louisiana Fourth Circuit's decision was an unreasonable application of clearly established federal law to the facts of this case.

Accordingly, and for all of the above and foregoing reasons, including those set forth in Magistrate Judge Sally Shushan's October 17, 2000 Report which are adopted,

IT IS ORDERED that Jerry Richardson's petition for § 2254 relief is DENIED and his claims for relief are DISMISSED with prejudice.