IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30023
_____


PERRY JACKSON,

                                        Petitioner - Appellant,

                        versus

O.K. ANDREWS,
Warden, Allen Correctional Center,

                                        Respondent - Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 00-CV-2534-A
_____

January 7, 2002

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Perry Jackson, Louisiana prisoner #106488, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  He alleged

that his guilty plea in state court for possession of cocaine was

involuntary because the plea agreement was breached and because the

court failed to advise him of the possibility of an enhanced

sentence based on his multiple offender status.  He also asserted

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that the trial judge improperly participated in the plea negotiations and was the moving force behind the plea agreement. The district court denied habeas relief. We granted a certificate of appealability ("COA") on the first two issues only. See 28 U.S.C. § 2253.

I

On July 26, 1999, Jackson pled guilty in Louisiana state court to possession of cocaine pursuant to a plea agreement. The Waiver of Rights form signed by Jackson and by his attorney, Donald Pryor, stated that Jackson knowingly and voluntarily waived: his right to trial by judge or jury; his right to be presumed innocent; his right to testify; his right to present witnesses; and his right to appeal any guilty verdict. Jackson acknowledged that his plea was not the result of coercion, threat, or force. The form further noted, in Jackson's own handwriting, his understanding that his sentence for possession of cocaine would be thirty months. At the hearing Jackson verbally acknowledged the waiver of all these rights. Jackson also stated his satisfaction with the advice and representation of his attorney. The sentencing court told Jackson that the maximum possible sentence for his offense was five years. Jackson was sentenced to thirty months' imprisonment, to run concurrently with another sentence he was already serving. Immediately after the sentencing, the following exchange occurred:

> BY THE COURT: It is to run concurrent with case number 371-420. State, are you filing a multiple bill in this case?

2

BY MR. BLACKBURN: No, Your Honor. We are not going to file it today. We would ask that it be set for a multiple bill hearing.

BY THE COURT: I will set the matter with a date that is convenient for Mr. Pryor. Mr. Pryor, give a date for that please.

BY THE DEFENDANT: Your Honor, can I ask a question?

BY THE COURT: Yes, sir.

BY THE DEFENDANT: To run the sentence concurrent, they put it back out and enhance it?

BY THE COURT: They can always file a multiple bill to enhance the sentence. I assume he's a second offender? Is he a second offender? A third offender?

BY MR. BLACKBURN: If we prove the multiple bill, I think a lifer, at least a quad.

BY THE COURT: What is going to happen, Mr. Jackson, if the State, in fact, can prove that you are a multiple offender, if they can prove that you are a third offender, your sentence is going to be forty months concurrent with the five years you are serving. If they can only prove you are a second offender, your sentences will remain thirty months current [sic] with the five years you are serving. Do you understand that?

BY THE DEFENDANT: Yes, sir.

Neither Jackson nor his attorney objected or sought to withdraw his guilty plea. The district court found that there was nothing in the state court record to suggest that Jackson filed a motion to withdraw his guilty plea. Jackson asserts that he did file such a motion. There is no such motion in the state court record; although there is one in the district court record, it is neither date-stamped nor certified to have been filed with the state court.

3

Jackson states that the court did not rule on the motion. Jackson did not appeal his conviction. The State filed a habitual offender bill of information. On November 23, 1999, Jackson admitted to being a triple felony offender and was sentenced to five years in prison, to run concurrently with his other sentence.

Jackson filed a "petition for peremptory writ of prohibition" challenging the sentence enhancement with the Louisiana Fourth Circuit Court of Appeal, which denied the writ. Jackson then filed an "application for reconsideration" which the Fourth Circuit treated as an application for a supervisory writ, and which it denied, finding that the plea agreement had not been breached. He filed a supervisory writ in the Louisiana Supreme Court, which was denied. Finally, Jackson filed the instant habeas corpus petition. The district court adopted the magistrate judge's recommendation that the petition be denied on the merits.

II

Under § 2254(d), a federal application for a writ of habeas corpus will not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

4

presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 411-12 (2000). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409.

A guilty plea must be made intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Further:

On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the plea will pass constitutional muster. The plea will be upheld even if the state trial judge fails to explain the elements of the offense, provided it is shown by the record, or the evidence adduced at an evidentiary hearing if one proves necessary, that the defendant understood the charge and its consequences.

Hobbs v. Blackburn, 752 F.2d 1079, 1080 (5th Cir. 1985). On federal habeas review, as long as the defendant was informed of the maximum term of imprisonment, this satisfies the requirement that the defendant be fully aware of the consequences of his plea. Id. at 1082, citing Bainbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981).

II

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). In order to receive federal habeas corpus relief based on alleged

5

promises that are inconsistent with representations made in open court, a prisoner must prove: (1) the terms of the alleged promise; (2) when the promise was made; and (3) the precise identity of an eyewitness to the promise. United States v. Smith, 915 F.2d 959, 963 (5th Cir. 1990), citing Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989).

We have held previously that it is not an abuse of discretion for a district court to deny a request to withdraw a guilty plea that is based on the defendant's claim that he was unaware of the possible application of career offender enhancement to his sentence prior to the entry of his guilty plea. United States v. Gaitan, 954 F.2d 1005, 1011 (5th Cir. 1992); see also United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990) (although defendant was not informed, prior to entry of his plea, of applicability of career offender enhancement, guilty plea which resulted in twenty year sentence was not involuntary, where court had informed defendant prior to accepting his plea that he faced maximum prison term of twenty years, and presentence investigation (PSI) report concluded that defendant qualified as career offender and recommended that enhancement be applied).

In Scrivens v. Henderson, the defendant pled guilty to armed robbery in Louisiana state court and received a twenty year sentence under a plea bargain. 525 F.2d 1263, 1264 (5th Cir. 1976). The state then filed a bill of information charging

6

Scrivens with being a multiple offender, and his twenty-year sentence was ultimately vacated and replaced with a forty-nine and a half year sentence, the minimum allowed under the Louisiana multiple offender statute. Id. After pursuing state remedies, Scrivens filed a petition for a writ of habeas corpus, alleging that his plea bargain had been breached and that his plea was therefore involuntary. The district court granted the writ, but we reversed. Scrivens was aware, before entering his guilty plea, that his sentence could be increased as a multiple offender. Id. at 1265. Scrivens testified that part of the plea bargain involved an agreement that Scrivens would not be sentenced as a multiple offender; however, Scrivens' lawyer, the prosecutor, and an assistant district attorney testified that there was no such bargain. We noted the testimony of the latter three and additional evidence that there was no such bargain. We observed that "[p]lea bargaining 'must have explicit expression and reliance and is measured by objective, not subjective, standards' . . . . [M]ere expectation or hope does not constitute plea bargaining." Id. at 1267, citing Johnson v. Beto, 466 F.2d 478, 480 (5th Cir. 1972).

Here, unlike in Scrivens, it appears that Jackson was not aware, before entering his guilty plea, that he could be sentenced to a longer prison term if he was found to be a multiple offender at the multiple bill hearing. However, as in Scrivens, there was no agreement that there would not be a multiple bill hearing nor

7

that Jackson's sentence would not be enhanced. Jackson was informed of this possibility immediately after entering his guilty plea, and yet he did not object or withdraw his plea. Further, Jackson was informed before entering his plea that he could be sentenced to up to five years for the cocaine possession charge, and under Hobbs this is all that is required to ensure that a defendant is fully aware of the consequences of his plea. 752 F.2d at 1082. See also United States v. Rodriquez 62 F.3d 723, 725 (5th Cir. 1995) (district court is not bound by the sentencing recommendation in a plea agreement; just because the defendant does not receive the sentence he hoped to receive, this is not a sufficient basis for withdrawing a guilty plea after sentencing). Most importantly, under Gaitan, it does not matter that Jackson was unaware, before entry of his guilty plea, of the possibility of multiple-offender enhancement of his sentence. See 954 F.2d at 1011. Therefore, the court's failure to advise Jackson of the possibility of an enhanced sentence, based on multiple offenses, before his entry of a guilty plea did not render the plea involuntary.

Additionally, because there was no agreement as to multiple offender enhancement, the plea agreement was not breached and Jackson's guilty plea was not rendered involuntary on this ground either.

We thus conclude that the state court proceedings in this

matter did not result in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, nor did they result in a decision that was based on an unreasonable determination of the facts.

III

Accordingly, we AFFIRM the district court's denial of Jackson's petition for a writ of habeas corpus.

AFFIRMED.