# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-10013
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EMPRA JERON HOLT,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-22-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

On Petition for Rehearing, we deny rehearing, but we withdraw our prior opinion, issued April 7, 2009, and substitute the following.

Empra Jeron Holt pleaded guilty to one count of possession of fifty grams or more of crack cocaine with intent to distribute, one count of possession of five grams or more of crack cocaine with intent to distribute, and two counts of possession of a firearm in furtherance of a drug trafficking offense. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court sentenced him to serve a total of 495 months in prison. Holt now appeals his conviction and sentence. We do not consider whether Holt filed a timely notice of appeal because, for the reasons stated below, we conclude that his appeal lacks merit. *See United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 728 (2007).

Holt argues that the district court erred and failed to comply with FED. R. CRIM. P. 11(b)(1) by accepting his pleas to the firearm charges. He contends that these pleas were neither knowing nor voluntary due to his failure to understand the essential elements of these charges and his failure to understand his potential sentencing exposure. Our review of the record refutes Holt's assertions concerning his understanding of the charges against him and the potential sentence he could receive. Holt has shown no plain error in connection with this claim. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

Holt contends that the district court acted contrary to FED. R. CRIM. P. 32(i) at sentencing by failing to make findings concerning the matters raised in his objections to the PSR. The record reflects that Holt knowingly and voluntarily waived his right to bring most sentencing claims on appeal. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Because the Government has invoked the appellate waiver clause found in Holt's plea agreement, and because this claim is covered by the waiver clause, we decline to consider it. *See id.*; *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). Although it is not entirely clear whether Holt's initial brief raised his argument that the district court's failure to make factual findings regarding his objections to the PSR constituted arithmetic error or whether this was first raised in a responsive pleading, *see United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005), we will assume without deciding that the issue was presented in a timely manner. The argument is nevertheless without merit. The district

court adopted the PSR without change. Failure to make specific findings, as contemplated by FED. R. CRIM. P. 32(i), regarding drug quantities and cash is not an "arithmetic error." Holt's appeal waiver forecloses consideration of this issue.

Holt also contends that the district court committed arithmetical error by using cash that was seized from his home to calculate his sentence and by determining that behavior underlying a dismissed charge was relevant conduct for sentencing purposes. Assuming arguendo that consideration of these claims is not precluded by the waiver, we conclude that they lack merit.

Holt has shown no error in connection with the district court's decision to rely on the presentence report (PSR) with respect to the cash that was seized from his home. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002). Holt likewise has shown no error in connection with the district court's relevant conduct determination. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 799 (5th Cir. 2005). To the extent Holt argues that the district court erred by relying on the PSR because it contained inaccurate and inconsistent statements, he has not shown plain error. *United States v. Fierro*, 38 F.3d 761, 773 n.4, 774 (5th Cir. 1994); *see also United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED, as is the Government's request to dismiss the appeal.