# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 10-50646
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHOLOMO DAVID,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-595-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sholomo David appeals his guilty plea conviction and 18-month sentence of imprisonment for escape from a federal institution. *See* 18 U.S.C. § 751.

David first argues that his plea was not voluntary because he was not informed of his maximum sentence and because he feels he was not properly represented by counsel. Our review of the record shows that David's plea was voluntary and that he was advised of the statutory maximum sentence he could receive. Therefore, he has not shown plain error in connection with this claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50646

*See United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985).

David also argues that he received ineffective assistance of counsel. As a general rule, this court will not consider an ineffective-assistance-of-counsel claim that was not raised in district court. *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). Moreover, the Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *See Massaro v. United States,* 538 U.S. 500, 504-05 (2003). As the record for this case is not sufficiently developed to qualify for an exception to that general rule, we decline to consider David's ineffective-assistance-of-counsel claim in this appeal without prejudice to his ability to raise this claim in a § 2255 motion.

The judgment of the district court is AFFIRMED.