# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10588
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Julius Adisa Rahim Walker,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CR-39-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Julius Adisa Rahim Walker challenges his guilty-plea conviction for the transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b).  He claims:  the factual basis in support of his guilty plea was insufficient; and, as a result, his plea was unknowing and involuntary.  Along that line, Walker contests part of the factual basis for his

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction under § 2252A(a)(1): that he *knowingly* transported child pornography. (Although Walker's plea agreement contained an appeal waiver, "a valid waiver of appeal does not bar review of a claim that the factual basis for a guilty plea fails to establish the essential elements of the crime of conviction". *United States v. Trejo*, 610 F.3d 308, 312 (5th Cir. 2010).)

Walker, however, did not (as he concedes by implication) preserve this issue in district court. Because the issue was not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The factual resume Walker signed and agreed to at rearraignment alleged facts satisfying the required elements of the offense of conviction, including his knowing transportation of child pornography by a "means or facility of interstate . . . commerce" when he uploaded images to a cloud storage account using the internet and his computer devices. 18 U.S.C. § 2252A(a)(1). As he effectively concedes, the factual resume was sufficient on its face. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (executed factual resume entitled to "presumption of regularity" and given "great evidentiary weight").

Although Walker asserts that the record beyond the factual resume supports his contention that he did not knowingly transport the images to his cloud storage account, he has failed to show that, in the light of the factual resume and his sworn statements under oath, any claimed error was clear or

obvious. *E.g.*, *United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) (if factual-basis finding subject to reasonable dispute, error is not plain); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) ("Solemn declarations in open court carry a strong presumption of verity.") (citation omitted).

In the alternative, even if Walker could establish that the court plainly erred by accepting his plea without an adequate factual basis, he has not shown that his substantial rights were affected. *See Puckett*, 556 U.S. at 135; *Alvarado-Casas*, 715 F.3d at 954–55 (defendant *must show* "that but for the error, he would not have pleaded guilty"). In that regard, he makes only the conclusory statement that he "would not have pleaded guilty absent his mistaken belief that his conduct equated to the elements of the offense".

In exchange for his guilty plea, the Government agreed not to bring any further charges against Walker and to dismiss the remaining charge alleged in the indictment, *i.e.*, possession of child pornography involving a prepubescent minor, in violation of § 2252A(a)(5)(B) and (b)(2). Because a conviction on both counts alleged in the indictment would have increased Walker's punishment exposure by an additional maximum 20-years' imprisonment, "it is not reasonably probable that he would have declined the plea deal and exposed himself to a higher potential . . . maximum sentence". *Alvarado-Casas*, 715 F.3d at 954–55.

AFFIRMED.